OVERTON, J.
 

 Relator was arrested in the parish of Winn on warrants issued under three separate indictments, one charging him with blackmail, one with carnal knowledge of an unmarried female under the age of consent, and the third with assault and battery. The charge of blackmail seems to have -been the first charge pending against relator. His bond in that case was originally fixed at $600, but was later increased by the judge to $1,500. The bond in the carnal knowledge case was fixed at $1,500, and the bond in the assault and battery case at $600.
 

 While relator alleges that the bonds are unreasonably heavy, still he does not ask that they be reduced, but complains that the judge of the Eighth district court, who-has been made respondent herein, illegally refused to permit relator to furnish bail in
 
 *125
 
 the foregoing eases, with- surety residing in the parish of Jackson, of which parish relator alleges that he is a resident, when, as a resident of that parish, he is entitled to furnish bail, with surety residing therein, under sections 1011 and 1012 of the Revised Statutes.
 

 . The district judge, in his answer to the rule nisi which issued herein, avers that, when the grand jury returned the bill of indictment for blackmail, he fixed relator’s bond at $600; that relator furnished the bond; that thereafter relator, in order to evade trial, fled from the state; that his bond was forfeited; that relator was not apprehended in time to be tried at the term of court that was then being held; that, after relator was brought back, he boasted of having evaded trial; that therefore relator’s bond was increased to $1,500, and the bonds in the remaining cases fixed as stated above. The district judge also avers that, notwithstanding relator fled to avoid trial, still, when he heard that relator was experiencing difficulty in furnishing bond, he offered, of his own motion, to reduce the bonds from a total of $3,600 to approximately $2,500, but that relator did not make application for the reduction, at least before applying to this court for the writs prayed for. The district judge further avers that relator is not a resident of the parish of Jackson, as alleged by the latter, but is a resident of the parish of Winn, in which parish the charges are pending against him,' and that relator has been a resident of Winn parish for several years, and, in substantiation of that fact, the judge attaches to his answer documents to establish it. The judge, therefore, avers that he would'not have been justified in accepting bonds with sureties residing in Jackson parish. He also avers that, since relator has made the present application, he has been released on bonds, with sureties residing in the parish of Winn, wherein the criminal charges are pending.
 

 Since relator is now out on bond, he has lost whatever right he may.have had to complain of the refusal of the judge to sanction his release on bond with sureties residing in Jackson parish. The question presented is now only an academic one, so far as relator is concerned. We may say, however, that, if we were called upon to pass upon that question, it is not unlikely that, under the return made by the judge, showing that defendant is a resident of Winn parish, we would feel constrained to deny relator the relief sought.
 

 For these reasons the writs that issued herein are recalled.