PER CURIAM.
The defendant was tried and found guilty of violating LSA-R.S. 14:98 (driving under the influence of intoxicating liquor). Following his conviction and sentence (which was not sufficient to vest this court with jurisdiction of an appeal) he notified the court of his intention to apply for remedial writs to this court, whereupon the court suspended the execution of its judgment for fifteen days (until October 8, 1963) to permit him to file his application.
On October 8, 1963 the application was filed here on behalf of defendant. The writs requested therein were denied on October 10, 1963, for the reason that there appeared no perfected bills of exceptions in the record. Thereafter, on October 17, 1963 —nine days after the original time allowed for filing application for writs had expired —the district court suspended the execution of its judgment until October 24, 1963 to permit defendant to perfect bills and to apply again to this court for writs. Also on October 17, 1963, the accused filed three bills of exceptions, which, according to the minutes, were signed on October 22, 1963; *734 and on the latter date the court extended its order of October 17, 1963 to October 30, 1963 to permit defendant to again file his application here.
We now have before us the second application, filed here on October 30, 1963, wherein the defendant complains primarily that evidence as to the result of an in-toximeter test was improperly admitted without a showing of the details and competency of the machine. The district court in its per curiam concedes that “The court has no way of knowing and it is not in the record whether the intoximeter is a scientifically accurate instrument in determining what percentage per volume of alcohol a person has in the blood stream.”
Before considering the merits of the case the court should first determine (as a matter of policy) whether, under the circumstances existing here, it should consider the second application. Under Rule XII, Section 2 of this court, 8 LSA-R.S., when a party intends to apply to this court for any remedial writ he shall notify the judge whose ruling is complained of (and the party who is to be respondent) of such intention. The judge is directed to then fix a reasonable time within which the application is to be filed and he may stay further proceedings. On a proper showing he may extend the time for filing. The rule concludes: “Any application not filed in this court within the time so fixed or extended will not be considered unless the applicant establishes to the court’s satisfaction that the delay in filing was not due to his fault ” (Emphasis ours)
In the instant case the applicant filed his original application on the last day allowed; no extension was granted during the period fixed by the trial court. This second application was filed some twenty-two days after the delay provided for in the rules. It is true that the trial court thereafter suspended the execution of its judgment in order to permit the defendant to apply again to this court. But it is to be noted that such order is not an “extension” of the former order. It simply suspended the effect of its judgment until the defendant made a second application. In this situation, the trial court was without precedent as to whether or not such a second application would be considered. Consequently, it acted prudently in suspending its judgment until this court acted in an interpretation of its procedural Rule XII, Section 2. It appears clear, therefore, that the defendant in the instant case has applied after the original date set by the court, without a timely extension, and that the writ should not be considered.
 An additional reason why the writ should not be considered is that the application for a writ to this court substitutes for the taking of an appeal, since no appeal is available to the defendant. The jurisprudence is well established that in appealable cases bills of exceptions to be considered by this court must be presented to and signed by the judge before the appeal is taken. See State v. Smalling, 240 La. 887, 125 So.2d 399 and cases cited therein. And in State v. Richardson, 220 La. 338, 56 So.2d 568, we said that a defendant who comes before this court by way of application for writs would be in no better position than one who comes by appeal. If the defendant in an appeal-able case should have his appeal dismissed (or the conviction affirmed) for want of signed bills, certainly he cannot thereafter prosecute another appeal with signed bills. It should follow that an applicant for writs should be in the same position. To hold otherwise would, in effect, permit a defendant to extend his time for applying for writs by the simple expedient of applying the first time without any signed bills.
The application, therefore, is not considered.