191 So.2d 496

**STATE of Louisiana**

v.

**Zelma C. WYCHE.**

No. 48404.

Nov. 7, 1966.

Collins, Douglas & Elie, Nils R. Douglas, New Orleans, Richard B. Sobol, John Ballard, Alvin J. Bronstein, Jackson, Miss., for relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., for respondent.

HAMITER, Justice.

On September 28, 1966 Zelma C. Wyche, relator herein, was tried and convicted on a charge of having committed a simple battery on John M. Monsell. He was sentenced to serve four months on the East Carroll Parish prison farm, and to pay a fine of $200. Further, in default of payment of the fine, he was ordered to serve an additional four months. Thereafter, he was remanded to the custody of the sheriff for the commencement of the sentence.

Having no right to an appeal, because of the sentence imposed, Wyche notified the trial judge of his intention to invoke the supervisory jurisdiction of this court for a review of the proceedings leading to his conviction. And in connection with such notice, he sought to be released on bail until such time as the application for writs could be filed here. The judge allowed him twenty days within which to apply for writs, but denied the request that he be admitted to bail.

Thereupon, Wyche petitioned this court for a writ of mandamus to compel the judge to admit him to bail. Alternatively, he sought habeas corpus.

Acting upon the petition, we issued a rule ordering the district judge either to

admit relator to bail or to show cause why the relief sought should not be granted. The matter was argued and submitted here on October 10, 1966.

Relator points out that the trial judge, in a return to the instant rule or order, admits that he (relator) was in good faith in filing the notice of his intention to apply for supervisory writs within the time allowed. And he urges that in view of this admission, under our holding in State v. Hollingsworth, 137 La. 144, 68 So. 387, the judge was obliged to permit his release on bail as prayed for.

On the other hand the trial judge, who appeared in this court personally and with counsel, contends that the relator's interpretation of the Hollingsworth case is not correct. He insists that it does not limit him to a consideration of whether the notice of intention to apply for writs is in good faith but, rather, that it permits him to consider all of the circumstances to determine if the application itself would be in good faith. Then he says that he concluded that any such application filed here would not be in good faith inasmuch as all errors to be alleged would relate to factual issues and that no formal bills of exceptions were perfected. His contention is, in other words, that in determining good faith he should look to the merits of the proposed application and not alone to whether

the relator had a good faith intention to file.

Following the submission of the instant rule in this court, and before we had the opportunity to determine the issue presented by it, the relator filed his application for remedial writs in which he seeks a review of his conviction and sentence (190 So.2d 915). And on October 25, 1966 we denied the writs prayed for therein, stating: "Writ denied. There are no perfected bills of exceptions. See La.Code Crim.Proc. Art. 499, LSA–R.S. 15:499; State v. Richardson, 220 La. 338, 56 So.2d 568; State v. McDonald, 218 La. 198, 48 So.2d 797; State v. Foret, 245 La. 70, 156 So.2d 606; 245 La. 187, 157 So.2d 733; and State v. Green, 245 La. 1081, 162 So.2d 573. Moreover, there is no error patent on the face of the record."

Inasmuch as relator's conviction and sentence have become final by our denial of such writs, the question of whether he should have been admitted to bail pending the filing of his application is now moot, and it would serve no useful purpose for us to presently decide that issue. This court has consistently refused to pass on questions which have become moot pending their determination by us. See State v. Barrett, 164 La. 124, 113 So. 789, General Motors Truck Company of Louisiana, Inc. et al. v. Caddo Transfer and Warehouse Company, Inc., 175 La. 892, 144 So. 608, State v.

Hingle, 194 La. 1096, 195 So. 615, and Pellegrin v. City of Gretna, 222 La. 527, 62 So. 2d 824.

For the reasons assigned the order or rule heretofore issued by us herein is recalled and vacated.