*271 On Application for Writs
BARHAM, Justice,
is of the opinion that the writ should not be considered. Relator has failed to comply with the written rules of this court in his application by simply filing a petition for relief: No part of the trial record, not even the minutes, is made a part of the application. Additionally, relator has failed to comply with a rule which was created jurisprudentially. In State v. Foret, 245 La. 70, 156 So.2d 606, this court, analogizing from State v. Richardson, 220 La. 338, 56 So.2d 568, that perfected bills of exception are required in applications for certiorari, prohibition, and mandamus in criminal cases, denied the application on the basis of this determination. A second application by the same relator containing perfected bills was refused consideration by this court. See State v. Foret, 245 La. 187, 157 So.2d 733. This is a harsh result, especially when the rule violated is jurisprudential and has never been included in the rules of court or made a requirement under our Code of Criminal Procedure. Our failure to incorporate such a rule in our rules of court and the Legislature’s failure to include it in Louisiana procedural law create unnecessary problems for unaware attorneys. Relator has reserved a bill, and a refusal to consider his application at this time would permit a review if that bill is timely perfected in another application.