242 So.2d 884

**STATE of Louisiana**

v.

**Robert G. HAIK.**

**No. 51126.**

Jan. 21, 1971.

The petition of the relator in the above entitled and numbered case having been duly considered,

It is ordered that a writ of certiorari issue herein, directing the Honorable Judges, Appellate Division No. 2, Judge of the Criminal District Court, Parish of Orleans, to transmit to the Supreme Court of Louisiana, on or before the 1st day of April, 1971, the record in duplicate, or a certified copy of the record in duplicate, of the proceedings complained of by the relator herein, to the end that the validity of said proceedings may be ascertained.

It is further ordered that the aforesaid Judge of said Court and the respondent through the District Attorney ad hoc shall show cause, in this court, on the date aforesaid, at 11 o'clock A.M., why the relief prayed for in the petition of the relator should not be granted.

BARHAM, Justice (dissenting).

Relator has presented to this court an application for certiorari after conviction and sentence in a criminal prosecution from which he has no right of appeal. He did not include any bills of exception in the application. This court has repeatedly denied writs in criminal cases for years on the ground that perfected bills of exception are required in such applications. That "rule", however, has never been incorporated in the official rules of court. It is to be

found only in writ denials, which usually are published without headnotes or "keys" and which we have said do not state law binding upon the court. It would be most difficult for a lawyer to research and determine this to be a rule of court. It has made for a harsh disposition of these applications. In State v. Foret, 245 La. 70, 156 So.2d 606, this court denied an application for lack of perfected bills of exception. When a second application was made by the same relator with perfected bills, the court refused to consider it. State v. Foret, 245 La. 187, 157 So.2d 733. On January 5, 1971, just two weeks before the present application was granted, this court again refused three writ applications for lack of bills of exception. State v. Normand, 257 La. 270, 242 So.2d 245; State v. DeBate, 257 La. 272, 242 So.2d 246; State v. Lanoux, 257 La. 273, 242 So.2d 246. I dissented in those cases, being of the opinion that the applications should not have been considered so that the applicants could reapply with proper writs, but I could not prevail upon the majority. Now, the

majority of this court has turned about face and granted a writ where there are no perfected bills of exception. There was no record before the court to review which warranted the granting of the writ. The application simply did not contain sufficient information—that is, an official record showing alleged error so that we could determine the merit of the application. The majority acted on the bare allegations made by relator without any record upon which to determine their verity. I cannot participate in this uneven disposition of identical writ applications. None contained anything for review except the allegations of the relator. The first three were refused; this last writ has been granted. I am of the opinion that this writ should not have been considered, and that the relator should have had the opportunity of presenting a record for review upon which we could act intelligently. See reasons assigned in my dissent in State v. Normand, State v. DeBate, and State v. Lanoux, supra. I respectfully dissent from the granting of the writ for these reasons.