MARCUS, Justice.
On February 23, 1973, Kenneth Shoates and Claude Manuel were charged with illegal possession of marijuana under R.S. 40:966(C). Defendants pled not guilty and were tried before the judge of the Thirty-First Judicial District Court, Parish of Jefferson Davis. Kenneth Shoates was found guilty, and Claude Manuel was found not guilty. On March 13, 1973, Kenneth Shoates was sentenced to serve six months in the parish jail and to pay court costs in default of which to serve an additional five days. Since the sentence actually imposed does not exceed six months imprisonment, defendant’s conviction and sentence are not appealable to this Court. Louisiana Constitution Article VII, Section 10. However, defendant Shoates applied to this Court for writs, which were granted on August 17, 1973, and the case is now before us under our supervisory jurisdiction. Louisiana Constitution Article VII, Sections 2 and 10.
A motion to suppress evidence obtained by reason of an allegedly illegal search and seizure was filed on defendant’s behalf. After conducting a hearing thereon, the district court denied the motion. During trial, when the court ordered the introduction of the evidence complained of, defense counsel objected. The court overruled the objection, and counsel for defendant reserved the only bill of exceptions taken in the proceedings below. However, the record discloses that the bill was never properly perfected in that it is unsigned by the district' judge as required by Article 845, C.Cr.P.
 We have uniformly denied applications for writs under our supervisory jurisdiction where there were no perfected bills of exceptions and no errors patent on the face of the record. Articles 843, 844 and 845, C.Cr.P.; State v. Lanoux, 257 La. 273, 242 So.2d 246 (1971); State v. Normand, 257 La. 270, 242 So.2d 245 (1971); State v. Lawrence, 257 La. 166, 241 So.2d 529 (1970); State v. Coleman, 252 La. 159, 209 So.2d 741 (1968); State v. Green, 245 La. 1081, 162 So.2d 573 (1964); State v. Foret, 245 La. 70, 156 So.2d 606 (1963); State v. McDonald, 218 La. 198, 48 So.2d 797 (1950). See also State v. Snyder, 256 La. 601, 237 So.2d 392 (1970) and State v. Richardson, 220 La. 338, 56 So.2d 568 (1952). Since there were no perfected bills of exceptions at the time we granted the writ in the instant case, the writ was improvidently issued. Furthermore, it should be observed that the bill of exceptions still remains unsigned and, therefore, unperfected. Accordingly, there is nothing presented to us for *500 review.[1] Finding no errors patent on the face of the record, we are constrained to affirm the conviction.
These findings, however, do not preclude defendant from seeking relief, upon proper showing, by way of habeas corpus.
For the reasons assigned, the conviction and sentence herein are affirmed.
TATE, J., concurs in result.
BARHAM, J., concurs in result.
DIXON, J., dissents.
CALOGERO, J., dissents.

. Under Rule X, Section 5 (a) 10 of the new Rules of the Supreme Court of Louisiana, which become effective January 1, 1974, it shall not be necessary for the application for writs under our supervisory jurisdiction to include formal bills of exceptions. However, if the application is granted, this Court will grant no relief on the errors assigned unless formal bills of exceptions, including the evidence attached thereto, are filed in this Court with the record of the proceedings in the lower court.