DIXON, Justice.
Henry Smith has taken an appeal from an adverse judgment on a post-conviction habeas corpus application in which he sought an out-of-time appeal. This court had previously ordered an evidentiary hearing on the application. This matter is not properly appealable to this court. La. Const, of 1974, Art. V, § 5(D); C.Cr.P. 369. However, since we have the record before us, we will treat the matter as a timely application for the exercise of our supervisory jurisdiction and decide the issue on the merits. Rule 1, § 10, Louisiana Supreme Court Rules. State v. Boudreaux, 304 So.2d 343 (La.1974); State v. Duplantis, 296 So.2d 818 (La.1974).
The applicant was tried in 1971 for armed robbery and murder. He was found guilty on both charges and sentenced to twenty *276 and twenty-five years, to run concurrently. A motion for a new trial was denied, but no appeal was ever taken.
The question presented is whether the applicant ever knowingly and intelligently waived his right to appeal. At the evidentiary hearing there were two witnesses. The applicant testified first and stated that he did not remember telling his counsel that he did not want to appeal. He stated that at about his time he was ill and had trouble hearing as well as fainting spells and lapses of memory. His testimony is not precise. He has no recollection of the time periods involved in his medical treatment subsequent to his conviction. The trial judge held the case open until the applicant’s medical records could be obtained. These records show that after his conviction he was taken to Angola, then to a hospital in Baton Rouge for about two weeks, and finally to Charity Hospital in New Orleans for urological treatment. While at Charity applicant suffered a mild stroke which caused some brain dysfunction. Although applicant testified that he had an operation while in New Orleans, this does not appear in the medical records.
One of the two attorneys who represented the defendant at the trial of this case also testified at the hearing. He stated that immediately after the trial he asked the defendant about appeal and that a decision had been reached to appeal the case. However, shortly thereafter the defendant contacted him and stated that he did not wish to appeal the case because he wanted to get up to Angola where he believed he would receive medical treatment. The attorney consulted the trial judge about the incident and the judge advised the attorney to write a memorandum about the matter for future reference. This memorandum was produced in court. The attorney noted that his time sheets showed that he spent approximately forty-five minutes with the applicant advising him about the right to appeal and about thirty minutes with him discussing his decision not to appeal. Counsel also frankly admitted that he told the applicant that he personally did not feel that an appeal would have any merit but that he would apply for one if the applicant desired. Counsel is still of the opinion that an appeal will not obtain any. relief for the applicant.
The trial judge correctly stated that the only issue raised by the evidence is whether the applicant was in such a condition immediately after the trial that his waiver of his right to appeal was voluntary and informed. The medical evidence does not show that the applicant was unable to make an intelligent and voluntary decision on this issue. Trial counsel testified that the applicant was fully informed of his rights and made an uncoerced decision to forego his right to appeal. The testimony of the applicant, in fact, indicates that he only hoped for a reduction in the length of his sentence, a matter not before us.
The decision of the trial judge is correct ; the application for habeas corpus and an out-of-time appeal is denied.