360 So.2d 193 (1978)
STATE of Louisiana
v.
Bruce W. SHANNON.
No. 61516.
Supreme Court of Louisiana.
June 30, 1978.
Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Bruce W. Shannon was charged by bill of information with the crime of attempted second degree murder. La.R.S. 14:27; La. R.S. 14:30.1. After trial by jury, he was found guilty as charged and was sentenced to serve forty years at hard labor. Credit was given toward service of his sentence for time spent in actual custody prior to *194 imposition of sentence. On defendant's timely filed motion, the trial judge ordered an appeal. La.Code Crim.P. art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal, and thereafter the trial court has no jurisdiction over the matter except for certain listed actions not applicable here.
After the trial judge had ordered an appeal, defendant timely filed in the trial court, pursuant to La.Code Crim.P. art. 851(3), a motion for a new trial based upon allegations of new and material evidence that, notwithstanding the exercise of reasonable diligence by defendant, was not discovered before or during trial, which evidence, if available, allegedly would probably have changed the verdict of guilty.
La.Code Crim.P. art. 853 provides in pertinent part:
. . . . .
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case. (Emphasis added.)
In accordance with the above provision, we remand the case to the trial court for a hearing on defendant's motion for a new trial. State v. Perry, 351 So.2d 1201 (La. 1977); State v. Bradford, 275 So.2d 407 (La.1973).
It is ordered that the case be remanded to the trial court for a hearing on defendant's motion for a new trial.
SUMMERS, J., dissents.