362 So.2d 766 (1978)
STATE of Louisiana
v.
Harold Lee JACKSON.
No. 61851.
Supreme Court of Louisiana.
September 14, 1978.
*767 Jerry A. Kirby, Monroe, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Steven A. Hansen, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant Harold Lee Jackson was charged by bill of information with armed robbery, a violation of La.R.S. 14:64, was tried before a jury and found guilty, and was sentenced to fifteen (15) years at hard labor without benefit of parole. Defendant then appealed to this Court, which affirmed his conviction and sentence. State v. Jackson, 352 So.2d 701 (La.1977). After this Court handed down its decision, the defendant filed a motion for a new trial based on grounds that there was newly discovered evidence which if it had been introduced at trial would probably have changed the verdict. La.C.Cr.P. art. 851(3). Because it was filed within one year of the verdict, the motion was timely despite the fact that defendant had already been sentenced and his conviction and sentence affirmed. La.C. Cr.P. art. 853. After a hearing the trial court denied the motion. Defendant now seeks to appeal to this Court from that denial.
This Court does not have appellate jurisdiction over the matter. In criminal cases our appellate jurisdiction may only be invoked when a law or ordinance has been declared unconstitutional or when the defendant is appealing from a felony conviction or actual imposition of a fine exceeding five hundred dollars or a sentence of imprisonment exceeding six months. La.Const., Art. 5, § 5(D) (1974). As defendant has already availed himself of his right to appeal his conviction and sentence, his remedy is properly by application for supervisory or other writs. La.Const., Art. 5, § 5(A) and (E). See also State v. Little, 353 So.2d 255 (La.1977). If the motion had been filed prior to the rendition by this Court of its decision on the appeal and defendant had requested a remand to the trial court for a hearing, the situation would be different. See La.C.Cr.P. art. 853; State v. Shannon, 360 So.2d 193 (La.1978).
Although we have determined that defendant did not have a right of appeal, we treat his appeal as application for writs under Rule 1, Section 11 of the Rules of the *768 Supreme Court of Louisiana. To afford the right of both parties to apply for rehearing, Rule 9, § 6 of the Louisiana Supreme Court Rules, the writ is granted. Nevertheless, we have reviewed the assigned error and conclude that the trial court did not abuse its discretion in denying the motion for a new trial. See State v. Harvey, 358 So.2d 1224 (La.1978); State v. Tucker, 354 So.2d 521 (La.1978); State v. Provost, 352 So.2d 661 (La.1977).
Accordingly, the judgment of the district court is affirmed.