BLANCHE, Justice.
The defendant filed a motion to suppress the physical evidence seized from him claiming a lack of probable cause to arrest and a lack of reasonable cause in order to conduct a stop pursuant to C.Cr.P. art. 215.1. During the February 7, 1979 hearing, the trial court granted the motion. The state noted an objection and announced its intention to seek a writ. The court then granted the state 10 days or until February 17, 1979, to file its writ. Since the 17th was a Saturday, this gave the state until February 19, 1979 to file. However, the state did not file its application until February 21, 1979. At the same time, the state had an order signed by the trial court granting it until February 21 to file writs.
*1219 Rule 10, Sec. 5(b) of the Rules of the Supreme Court of Louisiana provides:
“(b) When an application is sought to review the actions of a trial judge, he shall fix a reasonable time within which the application shall be filed in this court, and he may in his discretion stay further proceedings. Upon proper showing, the judge or this court may by order extend the time for such filing. Any application not filed in this court within the time so fixed or extended may not be considered, in the absence of showing that the delay in filing was not due to the applicant’s fault.”
It is apparent that the writ was not filed within the original ten day period fixed by the trial court. Although the trial court may grant an extension of time under Rule 10, it may not grant an extension of time after the original time for applying has expired, State v. Mandino, 352 So.2d 233 (La.1977).
In State v. Foret, 245 La. 187, 157 So.2d 733 (1963), this Court refused to consider an application of the defendant which was filed twenty-two days after the original time period despite the fact that the trial court had suspended execution of its judgment nine days after the original time delay in order for the defendant to take writs. The Court reasoned that since no extension had been granted during the original period set by the trial court, the writ was not timely filed.
Since in the present case the state was not granted an extension during the original time period, any subsequent extension or order establishing a second time period is ineffective. Therefore, the state’s application is untimely.
Accordingly, we therefore recall the writ as having been improvidently granted.
CALOGERO and DENNIS, JJ., dissent.