PER CURIAM.
Defendant was charged by bill of information with the attempted second-degree murder of Ronald Receli, in violation of La.R.S. 14:27; 14:30.1. The offense occurred on the morning of May 6, 1976, moments after Receli turned his Mercedes into the intersection of Bourbon and Conti in the French Quarter of New Orleans and encountered defendant with his companion, Kathy Mantegna, as they stepped from the curb on their way across the street. A brief confrontation between the two men ended when defendant pulled a gun from his waistband and fired a single bullet at close range through the driver’s window of the Mercedes and into Receli’s head. The shot left Receli alive, but hopelessly impaired. At defendant’s first trial on November 17, 1976, the state relied primarily on testimony from two of the three passengers known at that time to have occupied the Mercedes with Receli: Hilton Castañe-do and Kenneth Lambert[1] Both witnesses testified that defendant threw a drink into the Mercedes before he shot Receli and that the victim had his hands up to his face attempting to wipe it dry when he was struck in the head. The jury rejected defendant’s claim that he fired in self-defense, as Receli fumbled with his own gun at the bottom of the steering wheel, and found him guilty as charged. Thereafter, the trial court sentenced him to forty (40) years’ imprisonment at hard labor.
With defendant’s appeal of his conviction and sentence pending in this Court, counsel filed a motion for a new trial in the district court alleging that a newly discovered witness, and a fifth occupant of Receli’s car, Victor “Rocky” Soto, could provide critical support for the self-defense claim. Without deciding the merits of the appeal, this Court remanded the case for a hearing on the new trial motion. State v. Shannon, 360 So.2d 193 (La.1978).
The trial court eventually heard Soto’s testimony on July 9, 1979. Although Soto corroborated defendant’s self-defense claim on key points, the district court denied the motion for a new trial on September 17, 1979. In State v. Shannon, 388 So.2d 731, 737 (La.1980), this Court then reversed defendant’s conviction and sentence finding that “[bjecause the defendant’s failure to discover Victor ‘Rocky’ Soto’s testimony before or during trial was not due to a lack of diligence on his part, and because the introduction of this new evidence would have probably changed the verdict of guilty ... the motion for a new trial should have been granted.”
At defendant’s second trial on February 20, 1981, two significant developments undercut the apparent promise of Soto’s testimony for the defense. The state once again relied on testimony from Castañedo and Lambert. However, the prosecution also called a third, and completely independent eyewitness to the shooting, Michael Strachan, who agreed with Castañedo and Lambert that Receli had his hands up “trying to get the drink off his face...” when defendant pulled his pistol out from underneath his shirt and fired.[2] In addition, counsel’s efforts to produce Soto for trial proved unavailing. In his absence, the trial judge ordered his minute clerk to read Soto’s prior recorded testimony at the new trial hearing to the jury. Nevertheless, jurors were deprived of a live account of the circumstances surrounding the Receli shooting from the only witness who corroborated defendant’s self-defense claim.
At the close of the evidence, defendant’s second jury rejected his testimony that he had shot Receli “for fear of my life” and returned another verdict of guilty as charged. On April 21, 1981, the trial court once more sentenced defendant to 40 years’ imprisonment at hard labor “... *736 tak[ing] ... into consideration all the testimony offered during the trial ... and also, the disability of the victim_”:[3] Defendant has now appealed his conviction and sentence to this Court urging 22 assignments of error. We have reviewed the assignments relating to various objections made in the course of trial and conclude that they lack merit. We also find no error in the trial court’s denial of the motion for a new trial on grounds that the evidence was insufficient to support the verdict. Finally, despite the brevity of the trial court’s sentencing reasons, we find no apparent severity in defendant’s 40 year sentence. Cf., State v. Ratcliff, 416 So.2d 528 (La.1982); State v. McClinton, 399 So.2d 178 (La.1981); State v. Cox, 369 So.2d 118 (La.1979).
Accordingly, defendant’s conviction and sentence are affirmed.

. A third passenger in Receli’s car, David Dills, has apparently not testified at any proceeding.

. Strachan, who had been standing virtually "shoulder to shoulder” with defendant on the corner of Bourbon and Conti, provided police with his name shortly after the shooting and then gave a statement to the District Attorney’s Office a week later. He did not, however, receive a subpoena to appear in court until 6 months before defendant’s second trial.

. According to Dr. Charles Mary, the former Director of Charity Hospital in New Orleans, defendant’s shot has rendered Rcccli a quadra-pclegic and confined him to a home for the incurable.