**Joseph WILSON, Petitioner-Appellant,**

v.

**Charles C. FOTI, Respondent-Appellee.**

**No. 86–3303.**

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1987.

John H. Craft, New Orleans, La., (Court-appointed), for Joseph Wilson.

William A. Marshall, Susan Scott Hunt, Asst. Dist. Attys., New Orleans, La.

Freeman R. Matthews, Metairie, La., for Charles C. Foti.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for C. Paul Phelps.

Before CLARK, Chief Judge,
RANDALL and DAVIS, Circuit Judges.

RANDALL, Circuit Judge:

Joseph Wilson appeals the district court's dismissal of his 42 U.S.C. § 1983 claim attacking the conditions and duration of his confinement with the Louisiana Department of Corrections. Because his claim attacked the facts of his confinement, the district court construed his claim as one arising under 28 U.S.C. § 2254. The dis-

trict court then dismissed the claim because Wilson had not exhausted his available state remedies. We affirm.

## I.

In 1981, Wilson entered a guilty plea to a charge of passing worthless checks and was sentenced to serve 40 months in Orleans Parish Prison. He subsequently escaped and, after his recapture, was charged with and convicted of simple escape, as well as theft. He was given additional sentences to run concurrently with the bad check sentence. In October 1985, a state appellate court held that his initial sentence was illegal, and he was resentenced to 40 months in the custody of the Department of Corrections, where he could obtain "good time" credits pursuant to state law.

In November 1985, Wilson filed a complaint under 42 U.S.C. § 1983, claiming that he had been denied proper credit for "good time" because of his improper confinement in the Orleans Parish Prison and that his resulting confinement was improper. The trial court found that Wilson was actually challenging the conditions and duration of his confinement and that his action was therefore subject to the exhaustion requirements of 28 U.S.C. § 2254. Finding that Wilson had not exhausted his available state remedies, the trial court dismissed the action without prejudice. Wilson filed timely notice of appeal. This court granted leave to proceed *in forma pauperis* and ordered the appointment of counsel to assist Wilson with his appeal.

## II.

"When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983." *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir.1982); *see also Williams v. Dallas County Commissioners*, 689 F.2d 1212, 1214 (5th Cir.1982), *cert. denied*, 461 U.S. 935, 103 S.Ct. 2102, 77 L.Ed.2d 309 (1983). The prisoner must therefore meet the section 2254 exhaustion requirement. *Caldwell*, 679 F.2d at 496.

Wilson's purported section 1983 action is unquestionably a challenge to his confinement. He asserts that he is being confined improperly because of the state's failure to credit him with the "good time" to which he is allegedly entitled. He explicitly concedes that the damages he is claiming are "[d]ue to the failure of this institution to release plaintiff from custody."

We must therefore decide whether Wilson has exhausted his available state remedies. After he filed this action, Wilson sought and was denied post-conviction relief in state court. His petition for writ of certiorari to the court of appeals was denied. He subsequently applied to the court of appeals for a supervisory writ under article 930.6A of the Louisiana Code of Criminal Procedure, which was also denied. Although Wilson could have petitioned the Louisiana Supreme Court for discretionary review, he did not do so. Instead, Wilson filed this action in federal district court under section 1983.

## III.

### A.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercises custody over the petitioner. 28 U.S.C. § 2254(b). This exhaustion requirement is not met "if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition, *see Engle v. Isaac*, 456 U.S. 107, 126 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1981), not to the time of the later federal judgment.

A district court may notice on its own motion a petitioner's failure to exhaust state remedies. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir.1984) (en banc). The district court in this case did so, dismissing Wilson's petition for failure to exhaust be-

cause he did not appeal his state petition for post-conviction relief to the Louisiana Supreme Court. Wilson contends on appeal that the district court erred and that review by the Louisiana Supreme Court is not necessary to exhaust state remedies, because review by that court is discretionary and the court of appeals is the "end of the road in most cases."

In *Richardson v. Procunier*, 762 F.2d 429 (5th Cir.1985), this court outlined factors to consider when determining whether application for a supervisory writ is necessary for exhaustion. We concluded that the decisive factor was the breadth of the reviewing court's discretion in exercising its power of review, stating:

> [A]lthough it is not necessary to seek discretionary review from a second appellate level when review will almost certainly be denied, a petitioner is not considered to have exhausted his state remedies where additional appellate review would possibly be granted.

*Richardson*, 762 F.2d at 431.

*Richardson* applied these general principles to a Texas criminal appeal, concluding that a Texas petitioner had not exhausted his state remedies when he failed to petition the Texas Court of Criminal Appeals for review, notwithstanding that review by that court was discretionary. *Id.* at 432. Because Texas places few restrictions on the Court of Criminal Appeals' use of that discretion, we found it difficult to "say with certainty whether the Texas Court of Criminal Appeals would accept review in a given case." *Id.* Accordingly, a petition for review could not be considered a futile gesture.

■ The question on this appeal then is whether the availability of supervisory review in the Louisiana Supreme Court is sufficient to require a Louisiana prisoner to avail himself of that remedy before filing a habeas petition in federal court.

### B.

Louisiana, like Texas, has a two-tiered criminal appeals system, La. Const. art. 5, §§ 5, 10, which is identical to its system for handling applications for post-conviction relief. *See* La.Code Crim.Proc.Ann. art. 930.6A 1985 comments (West.Supp.1987). A post-conviction application is intially made to the trial court. *Id.* art. 930.6A (West Supp.1987). Under Louisiana procedure, there is no right of appeal from a trial court's denial of a petition for post-conviction relief. *Id.* art. 369. Such a petition is, however, subject to review by the Louisiana court of appeals, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Id.* art. 930.6 1985 comment (b) (West Supp.1987); *see also State v. Henderson*, 315 So.2d 275 (La.1975); *State v. Black*, 305 So.2d 472, 475 (La.1974).

Article 5, section 5(A) of the 1974 Louisiana Constitution invests the Louisiana Supreme Court with broad supervisory powers over all other Louisiana courts. *State v. Green*, 493 So.2d 588, 592 (La.1986). The constitution also grants any judge authority to issue all writs, including habeas corpus, necessary in aid of the court's jurisdiction. La. Const. art 5, § 2. In *State v. Wimberly*, 414 So.2d 666, 670 (La.1982), the Louisiana Supreme Court stated:

> The constitutional grant of supervisory authority to this court is plenary, unfettered by jurisdictional requirements, and exercisable at the complete discretion of the court.... We have *generally* restricted the use of supervisory jurisdiction to those cases "where there is a clear usurpation of power not confided by law, or a refusal to perform some duty plainly imposed by law, and which [the lower courts] have no discretion to refuse, and when there is an entire absence of other adequate remedy."

(quoting *State ex rel. City of New Orleans v. Judge of the Sixth District Court*, 32 La.Ann. 549 (1880)) (emphasis supplied; citations omitted). Thus, under the Louisiana constitutional scheme, there is no limit on the discretion of the Louisiana Supreme Court to review petitions for post-conviction relief; its supervisory authority is "exercisable at the complete discretion of the court." *Wimberly*, 414 So.2d at 670.

While the court has generally limited its supervisory jurisdiction to a restricted range of cases, the court has, on occasion, overstepped these self-imposed limits to exercise its supervisory power. *See State v. Jackson,* 362 So.2d 766 (La.1978) (granting supervisory writ to review trial court's denial of new trial to criminal defendant who had already unsuccessfully appealed his conviction). Because we cannot say for certain that the Louisiana Supreme Court would not exercise its supervisory jurisdiction in this instance, review by that court is available within the meaning of 28 U.S.C. § 2254(c) for consideration of Wilson's application for post-conviction relief. He has therefore not exhausted state remedies.

The present case differs from *Williams v. Wainwright,* 452 F.2d 775 (5th Cir.1971), relied on by Wilson. In *Williams,* this court held that the Florida petitioner need not apply for review to the Florida Supreme Court, where that court's jurisdiction was limited to resolving conflicts between the courts, and where the supreme court would almost certainly not exercise such jurisdiction in petitioner's case. *Id.* at 777. In contrast, the Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the supreme court would entertain. *See Richardson,* 762 F.2d at 432.

We recognize that in *Richardson,* the petitioner could return to state court to seek habeas relief. If state habeas relief proved unavailable, he could then pursue his remedies in the federal courts. In the instant case, Wilson may not find state review of his claims as readily available. The district court dismissed Wilson's federal action without prejudice leaving him free to pursue the supervisory writ. Wilson's application for a supervisory writ, however, may be time-barred. Rule 10 of the Louisiana Supreme Court Rules provides ten days in which to petition for such review, but also provides that the time period may be extended by either the Louisiana Supreme Court or the trial court.[1] *Cf. State v. Sutton,* 374 So.2d 1218, 1219 (La.1979) (holding that although trial court may grant an extension of time under Rule 10, it may not do so after the original time for applying has expired).

While it is not clear that Wilson would be unable to secure a supervisory writ, our decision would stand even if state relief were now time-barred. If, in fact, such review is now barred, he may once again seek federal habeas relief. The focus would then shift from the exhaustion issue to the question whether Wilson's failure to utilize once available remedies constituted either a deliberate bypass or a situation in which cause for, and actual prejudice from, the failure to have so employed state remedies was lacking. *Ventura v. Cupp,* 690 F.2d 740, 742 (9th Cir.1982) (citing *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963), and *Wainwright v. Sykes,* 433 U.S. 72, 88 n. 12, 97 S.Ct. 2497, 2507 n. 12, 53 L.Ed.2d 594 (1977)); *cf. Bautista v. McCotter,* 793 F.2d 109, 111 n. 2 (5th Cir.1986). We express no opinion as to the outcome of any subsequent attempts by Wilson to secure either state or federal habeas relief.

### IV.

The judgment of the district court is AFFIRMED.

---

1. Rule 10, section 5(b) of the Louisiana Supreme Court Rules provides, in pertinent part:

   When the court of appeal has denied a timely-filed application for writs to review the action or inaction of a trial court, the application to review such trial court action or inaction may be filed in this court within ten days of the date of such denial without securing an order to fix additional time within which to apply here; *provided that this court or the trial court may grant additional time within which to file such application here.* (emphasis supplied).