IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20032
USDC No. CA-H-95-1279

_____

PAUL EARL DORSEY,

                                        Plaintiff-Appellant,


versus

JOHN E. STINE; MARSHALL D. HERKLOT;
B. DRIVER; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
July 25, 1996
Before DAVIS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Paul Earl Dorsey, Texas prisoner #642562, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous under 28 U.S.C. § 1915(d).  For the first time on

appeal, Dorsey argues that prison officials violated certain

prison regulations concerning access to medical treatment.

Because Dorsey raised this claim for the first time on appeal, we

review for plain error.  Douglass v. United Serv. Auto. Ass'n, 79

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

F.3d 1415, 1417 (5th Cir. 1996)(en banc).  Dorsey's allegation that prison officials violated a prison regulation does not establish a constitutional violation.  See Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989).  Therefore, there is no error, plain or otherwise.

Dorsey argues that the punishment imposed in the disciplinary proceedings, the loss of a substantial amount of good-time credits, was excessive and disproportionate to the offenses charged.  Because Dorsey's claim calls into question the duration of his confinement, he must challenge successfully the decision denying his good-time credits in a habeas corpus action before bringing a § 1983 action.  See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987).

Dorsey argues that the three disciplinary proceedings violated his due process rights, that they were not supported by the evidence, and that he was denied access to the prison grievance system.  We have reviewed the record and the district court's opinion and find no abuse of discretion in the dismissal. See Denton v. Hernandez, 504 U.S. 25, 31-32 (1992).

Dorsey has not raised a nonfrivolous issue for appeal.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion for IFP is DENIED and his appeal is DISMISSED AS FRIVOLOUS.  5th Cir. R. 42.2.  Dorsey's "Application for Process of Service," motion for discovery, motion for

production of documents, motion for interrogatories, motion for admission, and motion for continuance are also DENIED.

MOTIONS DENIED; APPEAL DISMISSED.