**816**

Elmore J. WILLIAMS

v.

Burl CAIN, Warden.

No. CIV. A. 97–2192.

United States District Court,
E.D. Louisiana.

June 23, 1999.

Elmore J. Williams, pro se.

Theresa A. Tamburo, Asst. Dist. Atty., New Orleans, LA, for Burl Cain.

### ORDER AND REASONS

MENTZ, District Judge.

The court addresses here the pro se petition of Elmore J. Williams for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams is a state prisoner incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. He was convicted of second degree murder under La.Rev.Stat. § 14:30.1 after trial by jury in the Criminal District Court for the Parish of Orleans, State of Louisiana on May 25, 1989. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence on October 3, 1989. His sentence and conviction were affirmed on appeal to the Louisiana Fourth Circuit Court of Appeals, *see State v. Williams,* 580 So.2d 497 (La.App. 4th Cir.1991), and to the Louisiana Supreme Court, *see State v. Williams,* 585 So.2d 566 (La.1991).

Williams filed a timely application in state court for post-conviction relief on January 31, 1992.[1] The trial court denied relief without an evidentiary hearing on July 14, 1992. The Fourth Circuit Court of Appeals granted in part Williams' supervisory writ by ordering the trial court to conduct an evidentiary hearing on his claim of ineffective assistance of counsel. After the trial court conducted the hearing and again denied relief, the Fourth Circuit Court of Appeals denied Williams' supervisory writ on March 10, 1994. Williams applied pro se to the Louisiana Supreme Court for supervisory writ on May 29, 1995. The Supreme Court denied supervisory writ on April 4, 1997. *See State ex*

---

1. State prisoners have three years after the judgment of conviction and sentence have be-

come final to file an application for post-conviction relief. La.C.Crim.P. art. 930.8.

*rel. Williams v. State,* 692 So.2d 411 (La. 1997).

■ Williams filed the present § 2254 petition on July 24, 1997, after the April 24, 1996, effective date of the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and therefore his claim is governed by its provisions. *Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The AEDPA allows "a person in custody pursuant to the judgment of a state court" one year to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1).

■ Generally, the statute of limitations begins to run from the date the petitioner's state judgment becomes final. *See* § 2244(d)(1)(A). As Williams' judgment became final prior to the AEDPA's effective date, the limitations period began to run for him on the effective date of the AEDPA, giving him a one-year grace period, or until April 24, 1997, to file his petition. *See Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999); *Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir.1998). Thus, Williams' federal petition for a writ of habeas corpus filed on July 24, 1997 is untimely unless the grace period is tolled.

The one-year grace period is tolled pursuant to § 2244(d)(2) during the time that a "properly filed application for State postconviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir.1998). A "properly filed application" is one submitted according to the state's procedural requirements, such as rules governing the time and place of filing. *See Lovasz v. Vaughn,* 134 F.3d 146, 148–49 (3d Cir.1998); *Galindo v. Johnson,* 19 F.Supp.2d 697, 701 (W.D.Tex.1998); *Robinson v. Day,* 1998 WL 524895, at *1 (E.D.La.1998); *Jones v. Cain,* 1998 WL 485693, at *1 (E.D.La.1998). Thus, if Williams' May, 1995 application for super-

visory writ to the Louisiana Supreme Court were "properly filed," the one-year grace period would have been tolled until April 4, 1997, the date the Supreme Court denied his writ, and his July 24, 1997 federal habeas petition would be timely.

Under Louisiana procedure, a post-conviction application is initially made to the trial court. La.C.Crim.Proc. art. 930.6 A. There is no right of appeal from a trial court's denial of a petition for post-conviction relief. *Id.;* La.C.Crim.P. art. 369. The application is subject to review by the Louisiana court of appeals, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. La.C.Crim.P. art. 930.6; *see Wilson v. Foti,* 832 F.2d 891 (5th Cir.1987) (citing *State v. Henderson,* 315 So.2d 275 (La.1975); *State v. Black,* 305 So.2d 472, 475 (La.1974)).

The Louisiana Supreme Court Rules for filing supervisory writs to the Supreme Court provide that the application must be made within thirty days after the mailing of the notice of the original judgment of the appellate court denying application for supervisory writ.[2] Rule X, § 5(a). The Rule specifically provides that no extensions will be granted. Therefore, for a post-conviction application to be considered a "properly filed application" under Louisiana procedural rules, it must be filed within thirty days from notice of the appellate court judgment denying supervisory writ. Williams clearly did not submit his application to the Louisiana Supreme Court within the thirty day time limit. He filed his application over fourteen months after the appellate court denied supervisory writ.

Notwithstanding the provisions of the Supreme Court Rules, "under the Louisiana constitutional scheme, there is no limit on the discretion of the Louisiana Supreme

---

**2.** Supreme Court Rule X, section 5(a) provides in relevant part:

An application seeking to review a judgment of the court of appeal ... after a denial of an application [for supervisory

writs], shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal .... No extension of time therefor will be granted.

Court to review petitions for post-conviction relief; its supervisory authority is 'exercisable at the complete discretion of the court.'" *Wilson,* 832 F.2d at 893 (quoting *State v. Wimberly,* 414 So.2d 666, 670 (La. 1982)); *see* La. Const. Art. 5, Sec. 5(A).

■ It does not appear from the record in this case that the Supreme Court exercised its discretionary supervisory jurisdiction with respect to Williams' untimely application. Although the Court waited almost two years to enter its ruling on the application, the Court did not issue a briefing order for the state to respond to Williams' application. Indeed, the State filed no briefs or motions while Williams' application was pending. The Court's peremptory, one-word judgment denying the application gives no suggestion that the Court considered and rejected Williams' claims on the merits. Although the court did not specifically state that it denied the writ as untimely, it likewise gave no indication that it accepted supervisory jurisdiction. The mere absence of an express statement of procedural default cannot convert Williams' untimely application into a "properly filed application." *Cf. Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(where the Court analyzed the scope of state supreme court judgment in determining whether petitioner's federal constitutional claims were procedurally defaulted).

Considering Louisiana state law, the record, and the scope of the Louisiana Supreme Court's order denying Williams' writ, the court finds that Williams' application for post-conviction relief did not toll the one-year limitations period because it was not a "properly filed application," and therefore Williams' petition before this court is time-barred under the AEDPA.

Accordingly,

IT IS ORDERED that the petition of Elmore Williams for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

