LILJEBERG, J.
| defendant, Cody R. Brown, appeals his convictions and sentences for possession •with intent to distribute heroin and possession -with intent to distribute cocaine. For the following reasons, we remand this matter to the trial court for consideration of the original and supplemental motions for new trial based on alleged newly discovered evidence, which are still pending in this matter. We reserve to defendant the right to appeal his convictions and sentences, including his multiple offender adjudication and sentence.
FACTS AND PROCEDURAL HISTORY
On February 4, 2015, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with one count of possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count one) and one count of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count two). On February 19, 2015, defendant was arraigned and pleaded not guilty.
The matter was set for trial before a jury on September 1, 2015. Prior to the start of the trial, the trial court held a *1204 hearing on the State’s notice of intent to introduce other crimes evidence pursuant to La. C.E. art. 404(B), as well as defendant’s motions to suppress his statement and evidence. The State sought to introduce photographs of a large amount of money and a gun with money, as well as a video of a large amount of money in a bathtub filled with water, and a video of a male, alleged to be defendant, weighing and packaging a substance alleged to be heroin. The State argued that this evidence was admissible under La. C.E. art. 404(B)(1) to demonstrate defendant’s intent to distribute illegal drugs, as well as to demonstrate his knowledge and lack of mistake.
12At the hearing, David Schleuter, a former Kenner Police Department (“KPD”) detective, testified that the photographs and videos were recovered from a white AT & T Samsung Galaxy S4 cell phone, which was in defendant’s possession at the time of his arrest, The trial court denied defendant’s motions to suppress his statement and evidence, and found the photographs and videos to be admissible as other crimes evidence under La. C.E. art. 404(B)(1).
Following the trial held on that same day, a twelve-person jury found defendant guilty on both counts. On September 4, 2015, defendant filed motions for post-verdict judgment of acquittal and new trial, which were denied on the same date. Defendant then waived sentencing delays, and the trial court sentenced defendant to thirty years imprisonment at hard labor on each count to run concurrent to each other.
On September 17, 2015, defendant filed a “Motion for New Trial Based Upon Newly Discovered Evidence,” pursuant to La. C.Cr.P. art. 851(3). In his motion, defendant alleges that after trial, he obtained new evidence—a KPD prisoner property receipt. He contends this receipt lists the property in his possession at the time of his arrest and the list does not include the white Samsung Galaxy cell phone. Defendant argues the video evidence presented to the jury from this phone was very prejudicial. He contends that even though he was not clearly seen on the video, the detective testified that this video was taken with defendant’s phone because it was alleged to be in defendant’s possession at the time of arrest. Defendant further argues that the State did not provide the prisoner property receipt during discovery proceedings.
On September 18, 2015, the trial court set defendant’s motion for new trial for hearing on October 8, 2015. On September 17, 2015, the same day he filed the motion for new trial, defendant also filed a motion for appeal. The trial court granted the appeal order on September 18, 2015, thereby divesting itself of | ¡¡jurisdiction to decide the motion for new trial pursuant to La. C.Cr.P. art. 916. Also on September 18, 2015, the State filed a multiple offender bill of information seeking to enhance defendant’s sentence on count one and alleging defendant to be a second felony offender.
On October 29, 2015, defendant filed a pro se pleading entitled “Amendment/Supplemental to Motion for New Trial.” In this motion, defendant contends the arresting officer testified at trial that defendant was in possession of $1,211.00 at the time of his arrest, and the KPD prisoner property sheet referenced above does not list any cash in defendant’s possession at the time of his arrest. On November 10, 2015, the trial court entered an order denying the “Amendment/Supplement To Motion For New Trial” based on the trial court’s lack of jurisdiction. The trial court reasoned that pursuant to La. C.Cr.P. art. *1205 916, it was divested of jurisdiction upon entry of the order of appeal.[1]
On February 25, 2016, the trial court held the multiple bill hearing and found defendant to be a second felony offender. On February 29, 2016, the trial court vacated defendant’s sentence as to count one, resenteneed defendant to fifty years imprisonment at hard labor without the benefit of probation or suspension of sentence pursuant to La. R.S. 15:529.1, and ran the sentence concurrent with defendant’s sentence on count two.[2] Defendant orally moved for appeal and the trial court granted the oral motion for appeal.
LAW AND DISCUSSION
On appeal, defendant contends in his first assignment of error that the trial court erred in admitting other crimes evidence, which included the photographs and videos retrieved from the Samsung Galaxy cell phone, because the State failed to prove this cell phone belonged to defendant and due to the extreme prejudicial 14nature of this evidence. In his second assignment of error, defendant argues the trial court erred by finding him to be a second felony offender.
As discussed above, defendant has two pending motions for new trial, which he filed pursuant to La. C.Cr.P. art. 851(3) based on alleged new evidence he discovered after he was sentenced. La. C.Cr.P. art. 853(B) provides that when a motion for a new trial is based on Article 851(3), “the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed.” However, if an appeal is pending the trial court may hear the motion for new trial only .on remand of the case from the appellate court. Id. An appellate court may remand a motion for new trial based on newly discovered evidence back to the trial court for ruling prior to considering the merits of the appeal. See State v. Shannon, 360 So.2d 193, 194 (La. 1978) (where a defendant timely filed a motion for a new trial based upon allegations of new and material evidence after the trial judge had ordered an appeal, case would be remanded to trial court for hearing on defendant’s motion); see also State v. Vampran, 491 So.2d 1356, 1367 (La. App. 1st Cir. 1986), writ denied, 496 So.2d 347 (La. 1986).
Defendant’s motions for new trial were timely as they were filed within a year after the jury entered its verdict on September 1, 2015. In addition, the trial court correctly ruled that it lacked jurisdiction to consider defendant’s motion for new trial after it granted the order of appeal on September 18, 2015. Because the initial motion for new trial filed on September 17, 2015 addresses the same evidence at issue in defendant’s first assignment of error, it is appropriate to remand this matter to the trial court for a hearing on defendant’s outstanding motions for new trial.
| .DECREE
For the foregoing reasons, we remand this matter to the trial court for a hearing on defendant’s original and supplemental motions for new trial based upon alleged newly discovered evidence. We reserve defendant’s right to appeal his convictions and sentences, including his multiple offender adjudication and sentence, in the *1206 event of an adverse ruling on the motions for new trial.
REMANDED

. It is not clear whether the trial court also intended to address the initial "Motion for New Trial Based Upon Newly Discovered Evidence” filed on September 17, 2015, in its November 10, 2015 Order.

. La. C.Cr.P. art. 916 provides that after the entry of an order of appeal, a trial court retains jurisdiction to "sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.”