339 So.2d 8 (1976)
STATE of Louisiana
v.
John R. LANDRY.
No. 57961.
Supreme Court of Louisiana.
November 8, 1976.
Sam J. D'Amico, D'Amico & Curet, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-respondent.
SANDERS, Chief Justice.
The State charged John R. Landry with possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966, subd. A. The defendant filed a motion to suppress the marijuana, alleging an unconstitutional search and seizure. Following the hearing on the motion, the trial judge took the matter under advisement. Later, he sustained the motion to suppress.
The Assistant District Attorney assigned error and requested time to apply to this Court for supervisory relief. The trial judge gave the State until February 13, 1976, to file its application for supervisory writs.
The State did not file a writ application with this Court. Instead, on January 29, 1976, the State filed a motion for rehearing to allow the State to present further evidence. At that time, the trial judge ordered both parties to appear on March 30, 1976, to show cause why the motion for rehearing should not be granted. After argument on the motion, the trial court granted a rehearing. The defendant made timely application to this Court for supervisory writs. The trial court stayed further proceedings pending action by this Court. We granted the defendant's application for writs. La., 332 So.2d 482 (1976).
The issue is whether a trial court, after sustaining a motion to suppress tangible evidence, may grant a rehearing on that motion to allow the State to present more evidence.
The defendant argues that the Louisiana Code of Criminal Procedure does not provide for rehearings after a ruling on a motion to suppress. Moreover, he argues that even if such a procedure is authorized, since the time within which the State was to apply to this Court for writs has expired, the ruling on the motion to suppress is final.
Article 703 of the Louisiana Code of Criminal Procedure, dealing with the motion to suppress, provides in pertinent part:
"A defendant aggrieved by an unconstitutional search or seizure may move to *9 suppress for use as evidence at the trial on the merits, any tangible objects or other property, or documents, books, papers or other writings, on the ground that they were so obtained. A motion filed under the provisions of this paragraph must be filed no later than three judicial days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial."
The Official Revision Comment under that article (paragraph g) states:
"No special provision is made for appeals from the judge's ruling on a motion to suppress. If the ruling is adverse to the defendant, he can reserve a bill of exceptions for use in a regular appeal of the case. If the ruling on the motion is adverse to the state, the state may proceed with the case without the evidence or confession or may apply for writs of certiorari." (Italics ours.)
The Louisiana Code of Criminal Procedure makes no provision for a motion for rehearing to a ruling on a motion to suppress. Instead, the code article contemplates that the pre-trial motion will be heard expeditiously, with both the prosecution and defense presenting all their evidence. Once the trial judge rules upon a motion to suppress, the State's only remedy is by writ application to this Court under our supervisory jurisdiction.
In State v. Spina, 261 La. 397, 259 So.2d 891 (1972), dealing with a pre-trial motion to quash an indictment, we held that a ruling sustaining the motion could not be reversed by the trial court that rendered it. The same principle applies here.
The State asserts, however, that by virtue of Article 851(2) of the Louisiana Code of Criminal Procedure, the defendant can allege error in the denial of a motion to suppress evidence as a ground for a new trial. Hence, the State contends that holding that it has no right to a rehearing after the court sustains a motion to suppress produces an inconsistency in the procedural law. It is true that such a remedy is available to defendant but only after conviction. The defense motion for a new trial permits the trial judge to reexamine rulings prejudicial to the defendant at any stage of the proceedings. Reexamination of the denial of a motion to suppress is based on the evidence previously adduced. The State's motion for a rehearing to produce further evidence is not analogous to a defense motion for a new trial. In our opinion, the argument lacks merit.
We conclude that the trial judge erred in granting the State a rehearing to produce further evidence.
The defendant argues that because the time within which the State was granted to apply for writs has expired, the State no longer has a right of review by writ application, citing State v. Foret, 245 La. 187, 157 So.2d 733 (1963). The State alleges, however, that before the expiration of the original delay, the trial judge suspended or extended the time for the filing of writs pending disposition of the rehearing. At the hearing on the motion for rehearing, the State tendered evidence as to a suspension or extension, which was ruled inadmissible. The question as to whether or not the State was granted an extension to apply for writs is not before us at this time, since the State has filed no writ application here.
For the reasons assigned, the order of the district court granting the State's motion for a rehearing on the motion to suppress is set aside and the case is remanded for further proceedings consistent with the views herein expressed.