386 So.2d 349 (1980)
STATE of Louisiana
v.
Ronnie BAZILE.
No. 66661.
Supreme Court of Louisiana.
July 7, 1980.
*350 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
Morrow & Morrow, Patrick C. Morrow, Opelousas, for defendant-appellant.
CALOGERO, Justice.
Defendant Ronnie Bazile was charged by bill of information with armed robbery. After a jury found him guilty as charged, the trial court sentenced him to fifteen years at hard labor. Defendant now appeals his conviction and sentence relying on four assignments of error.
Around midnight on September 23, 1976 two black males, one tall, one short, walked into the Canal Service Station in Krotz Springs and told the attendant they had run out of gas. When the attendant told them that he had no container in which to put gas, the men walked to a nearby restaurant where they obtained a container. When they returned to the station, the shorter man went into the station office while the other stayed outside with the attendant. In the office the shorter man placed a gun to the attendant's girlfriend's head and demanded that she open the cash register. The taller man joined the other in the office; together they emptied the register, then fled. After obtaining a description of the perpetrators of the armed robbery from the victims and employees of the nearby restaurant and having been told by a patron of the restaurant that he had nearly been run off the road by a 1969 Cougar with Colorado license plates heading east on highway 190, an officer began chase in that direction. The officer, after crossing into Point Coupee Parish, finally overtook the vehicle. Defendant and the other man in the car were then arrested.

ASSIGNMENT OF ERROR NO. 1
By this assignment defendant contends that the procedure employed by the trial court in selecting the jury panel violated *351 Code of Criminal Procedure Article 784 in that the panel was not selected "indiscriminately" and that it unfairly allowed the state the advantage of excluding certain individuals from the jury.
The procedure employed by the trial court to select the jury panel was as follows: The names of the prospective jurors were drawn by lot in open court and placed into panels of twelve, the panels being designated as Panel 1, Panel 2, Panel 3, etc. until all of the names in the petit jury venire were exhausted. The twelve jurors selected for Panel 1 were sworn on voir dire. After the state and the defense exercised challenges to exclude jurors from Panel 1 (in fact six of that first twelve were challenged), the remaining jurors (six) were sworn in. Thereafter the twelve jurors from Panel 2 were sworn on voir dire and questioned. Thereupon the first six of these twelve jurors in Panel 2 were designated as the group to which peremptory and other challenges were invited. Four of these six were challenged peremptorily; two were accepted and were sworn. The next four jurors in Panel 2 were then designated as a group to which challenges were invited (there being only four unfilled places on the jury at that time). The process continued through Panel 3 until twelve jurors were selected.
After the twelve jurors had been selected and sworn, the defense before opening arguments on the following day objected to the procedure and requested that the jury panel be stricken. Because it was evident in advance which specific jurors in the successive panels would be considered next, as and when jurors were challenged, defendant contends that the state was able to exercise its challenges with the advantage of knowing in advance which jurors would next substitute for challenged jurors.
Article 784 of the Code of Criminal Procedure provides that in selecting a jury panel, "names shall be drawn from the petit jury venire indiscriminately and by lot in open court and in a manner to be determined by the court."[1] Other than the selection being indiscriminate and by lot in open court, the procedure of selection from the petit jury venire is expressly left to the discretion of the district court.[2]See State v. Hegwood, 345 So.2d 1179 (La.1977). Because the trial court selected the names indiscriminately and by lot in open court, the procedure did not violate the express provisions of Article 784.
The issue of whether the procedure, even if not in violation of Article 784, gave the state an unfair advantage[3] (contra due process?) in its selection of the jury need not to be reached in this case, for defense counsel failed to object timely to this procedure. Defendant's objection came after the jury had been selected and sworn, just before opening arguments. Article 841 provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. .." Therefore, this assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
At a hearing on a motion to suppress defendant called the arresting officer, Michael O'Pry, who testified that he arrested defendant in Point Coupee Parish early on September 24, 1976. He testified that the arrest was made without a warrant and that he searched defendant's car after defendant signed a search and seizure form giving him permission to do so. On cross-examination, *352 Officer O'Pry testified that no force, threats, promises, or intimidation were used to persuade defendant to sign the form. At this point defense counsel closed his case and the state informed the court that it did not intend to introduce any evidence.
In argument defense counsel contended that because there was no probable cause to stop and arrest defendant, the search of the vehicle, even with the defendant's consent, was illegal. After the court began questioning the prosecutor on the issue of probable cause to arrest and the state refused to concede that defendant was arrested without probable cause, the court granted the state leave to introduce evidence on the issue. Thus Officer O'Pry was called back over the defendant's objection, reopening the evidence, to testify on the state's behalf on the issue of probable cause.
Defendant argues that the trial court erred in allowing the state to introduce evidence after argument on the motion had begun. Defendant contends that the state had sufficient opportunity to question the officer when he was initially on the stand and that allowing the state to recall him to answer a direct inquiry of the trial court gave the state an unfair advantage.
In State v. Landry, 339 So.2d 8 (La.1976) this Court held that the trial judge erred in granting the state a rehearing to produce further evidence after the defendant's motion to suppress had been sustained. The Court found that because there was no provision in the Code of Criminal Procedure for a rehearing of a motion once the trial court had ruled, allowing the state to produce further evidence was error.
In the present case the trial court did not rule on the motion before allowing the state to introduce further evidence on the issue of probable cause. In fact the trial court specifically stated that it was not deciding the case before allowing the state to introduce further evidence. The trial court ruled on defendant's motion only after the state introduced the evidence of probable cause to arrest. Therefore the holding in Landry is not controlling here.
We do not find that the trial court's allowing the state to introduce evidence on the issue of probable cause was error. The state initially relied upon the consent of the defendant to uphold the validity of the search. It was only after the defendant raised the issue of whether there was probable cause to arrest in oral argument that the court's attention was focused on the arrest. Because the trial court had not ruled on the motion before allowing further evidence to rebut defendant's contention in oral argument that there was no probable cause to arrest, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment defendant contends that the trial court erred in allowing hearsay evidence to establish probable cause to arrest and that the state's reliance on the inadmissible hearsay led the court to err in denying the motion to suppress.
After the state was allowed to reopen its evidence on the issue of probable cause to arrest, Officer O'Pry was recalled to the stand. He testified that several individuals had given him information describing the robbers. He further testified that he was given information that a vehicle with Colorado license plates was speeding without its headlights away from the vicinity of the robbery. Each time the officer related the information he had received from others, defendant objected to the testimony on the basis that it was inadmissible hearsay.
Hearsay evidence is testimony in court, or written evidence, of an out-of-court statement offered to show the truth of the matter asserted therein and resting for its value upon the credibility of the out-of-court asserter. State v. Martin, 356 So.2d 1370 (La.1978); McCormick on Evidence, § 246 (2d ed.1972). The traditional exclusion of hearsay evidence is based upon considerations of unreliability and of potential unfairness to the accused to permit the introduction of out-of-court statements *353 which cannot be tested by cross-examination of the out-of-court declarant. State v. Arbuthnot, 367 So.2d 296 (La.1979).
The testimony of Officer O'Pry is not hearsay because it was not offered for the truth of the matter asserted therein. The officer's testimony was not introduced to show that the defendant fit the descriptions given by the out-of-court declarants. Rather it was presented to establish the basis for the officer's arrest of defendant. The statements of the out-of-court witnesses to the crime whether true or not formed the basis for the officer to believe that an offense had been committed and that the defendant had committed the offense. Therefore this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant contends that the trial court erred in placing the burden of proof upon the defendant at the hearing on the motion to suppress. At the beginning of the hearing the trial court stated that the defendant had the burden on the motion to suppress: "Let's see, on a motion to suppress defendant has the burden?" The state responded that under La. C.Cr.P. art. 703 the defendant does have the burden.
Under Article 703, the defendant does in fact have the burden on a motion to suppress. However, that article has been construed in light of United States Supreme Court decisions to mean that once the defendant makes the initial showing at a motion to suppress hearing that a warrantless search occurred, the burden shifts to the state to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. State v. Franklin, 353 So.2d 1315 (La.1978).
Although the court in the instant case may have initially stated that the burden was on the defendant at the hearing, the record reveals that the proceedings did not depart from the established rule that once a defendant shows that a warrantless search occurred, the state has the burden to show that the search was justified. At the hearing the defense established that the search was without a warrant. The state then in cross-examination established that the defendant consented to the search, introduced the consent form, and questioned Officer O'Pry as to whether the consent was obtained through force, threats, promises or inducements. Furthermore when the defendant in oral argument raised the issue of lack of probable cause to arrest, the state recalled Officer O'Pry to show that there was probable cause to arrest defendant.
Because the state satisfied its burden at the hearing on the motion to suppress, the assignment is without merit.

Decree
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Article 784 at the time of trial provided as follows:

"In selecting a panel, names shall be drawn from the petit jury venire indiscriminately and by lot in open court and in a manner to be determined by the court."
The article was amended by Acts 1977, No. 556, § 1 effective July 15, 1977, after the date of trial to provide a special rule for those district courts in which a jury pool is authorized by law.
[2] The official revision comment to Article 784 notes that "[d]etails such as whether the jurors should be called singly or by groups of two, three, etc. are left to the court's discretion."
[3] It should be noted that defendant enjoyed whatever advantage the state did from this procedure for it too had advance knowledge of which jurors would next be considered.