416 So.2d 919 (1982)
STATE of Louisiana
v.
Anna R. WATSON.
No. 81-KA-2663.
Supreme Court of Louisiana.
July 2, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William C. Credo, Stephen M. Little, Asst. Dist. Attys., for plaintiff-appellee.
Ronald P. Herman, Metairie, for defendant-appellant.
*920 WATSON, Justice.[*]
Defendant, Anna R. Watson, pleaded guilty to possession of Preludin with intent to distribute in violation of LSA-R.S. 40:967. She reserved the right to appeal from the trial court's adverse ruling on her motion to suppress the evidence. State v. Crosby, 338 So.2d 584 (La., 1976). The trial court sentenced defendant to three years with the Department of Corrections, suspended, and five years active probation. As conditions of probation, Anna Watson was ordered to serve six months in the Jefferson Parish Correctional Center and pay a fine of $2,000 plus costs.
Anna Watson is twenty-nine years old and has two years of college education. Her work history is scanty, consisting of one month at the beauty shop where she is now employed and four months at another one. She was convicted of possession of marijuana in 1977 and placed on one year inactive probation.

FACTS
On October 29, 1980, officer Farrell Whitehead and detective Gary Schwabe, both with the narcotics division of the Jefferson Parish Sheriff's department, were on duty at New Orleans International Airport. About 8:30 A.M., the officers observed Reginald Broadnax, "Sleepy", who had escaped surveillance at the airport on a previous occasion. Broadnax had approximately twelve felony arrests, five for narcotics, and four convictions. Broadnax met a woman arriving on a National Airlines' flight from Los Angeles. The two did not shake hands or kiss but fell into step with each other. At the baggage claim area, the woman produced a baggage claim check for one small black suitcase which Broadnax carried for her. The two officers approached the couple, stated that they were police officers, and asked for identification. Broadnax produced a driver's license, but the woman had no identification, although she gave her name as Anna Watson. After consenting to have her suitcase searched for identification, Anna Watson also agreed to accompany the officers to an airport office where the search took place. Inside, in a white paper bag, there were seven hundred and fifty Preludin tablets, and sixty Talwin.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that she was seized when she was taken to the third floor security office, and there was no reason to believe that she had committed a crime at that point.
The evidence is that Anna Watson went willingly to the office. Since she was not coerced in any way, a reasonable person would have felt free to refuse. Therefore, Anna Watson was not seized when she went to the office. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).[1]
Defendant contends that the search of the suitcase was illegal and that the search of the white paper bag exceeded the scope of any consent to search of the suitcase.
Anna Watson's consent to the suitcase search was neither limited nor conditional and was not withdrawn prior to completion of the search. It is significant that there was no show of force, threats or claim that the police had a right to search the suitcase. Thus, the consent was fully voluntary. Compare Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) where the consent was coerced. *921 Since defendant Watson is twenty-nine years old and has two years of college education, she was certainly capable of an informed and effective consent. Voluntariness is a question of fact to be determined from all of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Any identification was as likely to be in the paper bag as any where else in the suitcase. There was no reason for the police to believe that the consent to search the suitcase did not extend to the paper package inside. Having opened the paper bag, the police found contraband in plain view which they were entitled to seize.
The police may have slightly misstated their purpose, but the scope of the search was of no greater intensity than they represented they would make. Since Anna Watson had no identification, finding some was a legitimate element of the search.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
Defendant contends that the trial judge failed to comply with the sentencing criteria of LSA-C.Cr.P. art. 894.1 and that the sentence is excessive.
A sentence will be remanded for further articulation only if a review indicates that it appears to be excessive. Anna Watson had one year of inactive probation for a narcotics offense in 1977. Her present employment has lasted only one month and her only other employment lasted four months.
Since Anna Watson was previously given inactive probation for possession of marijuana, a sentence of six months in jail and active probation for five years is not apparently excessive.
These assignments lack merit.
For the foregoing reasons, the conviction and sentence of defendant, Anna R. Watson, are affirmed.
AFFIRMED.
CALOGERO, J., dissents and assigns reasons.
AUGUSTINE, J., dissents and will assign reasons.
CALOGERO, Justice, dissenting.
I have reservations about the majority determination that this woman, under the circumstances of this case, was not under arrest (that her liberty was not restrained in a significant manner) after having been asked for identification, to open her luggage and to accompany police to their airport office. Faced with similar circumstances in State v. Coleman, 412 So.2d 532 (La.1982), this Court found that the defendants were under arrest. Furthermore, I believe that the scope of the search definitely exceeded the scope of the consent given.
For these reasons, I respectfully dissent.
NOTES
[*] Judges Israel M. Augustine, Jr., and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Associate Justices Calogero, Dennis, Watson and Lemmon.
[1] "... Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officers request might be compelled." United States v. Mendenhall, 446 U.S. at 554, 100 S.Ct. at 1877, 64 L.Ed.2d 509 (1980).