597 So.2d 1218 (1992)
STATE of Louisiana
v.
Steven K. VALRIE.
No. Cr91-820.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1219 Timothy Meche, Alexandria, for defendant-appellant.
Charles F. Wagner, Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, J., and MARCANTEL and HOOD, JJ. Pro Tem.
GUIDRY, Judge.
On June 10, 1990, the defendant, Steven K. Valrie, was arrested and charged with possession of cocaine, a Schedule II controlled dangerous substance, with intent to distribute, a violation of La.R.S. 40:967(A)(1). Valrie was arraigned and pled not guilty.
Defendant filed a motion to suppress evidence obtained as a result of the arresting officer's search of his person. The trial court denied this motion after a hearing on February 11, 1991. The next day, defendant pled guilty to the charge. On May 21, 1991, after securing new counsel, he filed a motion to reopen the motion to suppress hearing, which was denied. Thereafter, defendant filed a motion to withdraw former guilty plea and enter a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), specifically reserving his right to appeal the denial of his motion to suppress and his motion to reopen the motion to suppress hearing. This motion was granted and defendant then entered a guilty plea pursuant to State v. Crosby, supra.
After a presentence investigation, defendant was sentenced to serve five (5) years imprisonment at hard labor. From this conviction and sentence, defendant appeals assigning the following errors:
1. The trial court erred in denying appellant's motion to suppress.
2. The trial court erred in denying appellant's motion to reopen the hearing on the motion to suppress.
For the reasons which follow, we affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion to suppress two bags of cocaine found by Louisiana State Police Sergeant Anderson on his person in the course of a warrantless search. The trial court ruled that defendant consented to the search. Defendant claims the search was unreasonable because he did not clearly and expressly consent to the search of his person. Even if consent to such a search is supported by the record, the defendant claims the search actually performed by Anderson was beyond the scope of any consent given and was too intrusive.
The Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. A search without a warrant is per se unreasonable. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Thucos, 390 So.2d 1281 (La.1980). In order to justify a warrantless search, the state must show that the search falls within one of the narrowly drawn exceptions to the warrant requirement. State v. Barrett, 408 So.2d 903 (La.1981). One such exception to the warrant requirement is a search that is conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984).
The issue of whether the defendant consented is a question of fact to be *1220 determined under the totality of the facts and circumstances of each case. Schneckloth, supra; State v. David, 425 So.2d 1241 (La.1983), certiorari denied, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986). The state bears the burden of proving that the defendant's consent was freely and voluntarily given. State v. Yarbrough, 418 So.2d 503 (La.1982); State v. Havard, 469 So.2d 1200 (La.App. 3rd Cir.1985). Because the finding of consent to search is a factual determination, the trial judge's ruling is entitled to great weight on appellate review. State v. Ossey, 446 So.2d 280 (La. 1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
The only evidence adduced at the suppression hearing relating to the search was the uncontested testimony of Sergeant Anderson. He testified that, while traveling in a northerly direction on Highway 1 in Alexandria, he noticed defendant's southbound vehicle following a tractor-trailer truck too closely. After stopping defendant for this traffic violation, Anderson recognized him as a person he had previously arrested on drug charges. While writing the traffic citation, the officer noticed defendant getting visibly "nervous". He asked whether he was still involved in drug activities, which defendant denied. When Anderson asked to search defendant's vehicle, he responded that "there was no problem with that". No narcotics or weapons were found in the automobile, but the officer noticed defendant getting "nervous" again when he approached his person. Anderson then asked defendant if he had anything on his person; defendant responded, "I ain't got nothing, man". According to Anderson's testimony, the search of defendant's person then occurred as follows:
"A. I asked him to step over to the side of my vehicle and I said, `Do you mind if I take a look?' And he said, `No', and a common ___ he had on a ___ he had on a sweat suit type ___ it's a real loose fitting type sweat suit, up top. He had on a fairly tight pair of sweat pants and Jockey shorts. I believe I patted the jacket pockets then patted the front of his crotch, which is a common area to secret weapons and/or contraband. I've found numerous hand guns, small and some even fairly large hand guns, hidden there. And I have found quite a bit of contraband hidden there also.
Q. What did you find on Mr. Valrie when you did your search?
A. I felt a bulge when I patted the outside and reached and told him to ___ told him to keep his hands back, not to interfere. He said, `I ain't got nothing', and I pulled his pants out and observed two plastic bags full of white powder secreted in the front of his Jockey shorts.
Q. About what was the approximate quantity of each of those?
A. I didn't know at the time. Mr. Valrie later advised me that it was an ounce each.
Q. Did you advise him of any rights, Officer?
A. Yes sir, as soon as I observed the two packets of white powder, I placed him under arrest for possession of a controlled dangerous substance, Schedule II, with intent to distribute, advised him of his Miranda Rights and handcuffed him."
Oral consent to a search is sufficient to constitute an exception to the warrant and probable cause requirements of the United States and Louisiana Constitutions. State v. Ossey, supra; State v. Rios, 528 So.2d 163 (La.App. 3rd Cir.), writ denied, 530 So.2d 83 (La.1988). The validity of such consent is dependent upon it having been voluntarily given, free of duress or coercion, either express or implied. State v. Linkletter, 345 So.2d 452 (La.1977), certiorari denied, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978). The trial court concluded that defendant voluntarily consented to the search of his person which resulted in the discovery of the two bags of cocaine. After a review of the totality of facts and circumstances surrounding the search, we find that the trial judge did not abuse his much discretion in ruling that defendant freely and voluntarily consented to this search. When asked if he minded a search of his person, defendant responded, "No", clearly indicating that he had no objection to the search. Defendant was *1221 free to deny the officer permission to search his person, but he did not do so.
Defendant next contends that even if his consent is deemed valid, the search was unreasonable because it exceeded the scope of the permission given. He argues that the scope of his permission did not extend to the feeling of his crotch by Anderson. In support of this argument, defendant cites U.S. v. Blake, 888 F.2d 795 (11th Cir.1989), wherein the appellate court affirmed the district court's ruling of the unreasonableness of a search that took place in a public airport and involved the touching of the defendant's genitals. In analyzing the facts surrounding the search in that case, the court examined the privacy expectations of the individual in light of the highly scrutinized public airport area in which great care must be taken not to violate such expectations.
Both the forum and the manner in which the search was conducted in the instant case can be distinguished from the factual circumstances of Blake. In the case sub judice, instead of a heavily trafficked and visible international airport, the search was conducted on the shoulder of a rural highway in Alexandria, Louisiana. Additionally, although Officer Anderson admittedly patted down the defendant's crotch area (because it was a common area to secret weapons or contraband), the testimony does not indicate any actual contact with the defendant's genitals. It was only after Sergeant Anderson detected a bulge in the defendant's crotch area that he pulled out the defendant's waistband and extracted the narcotics he observed therein.
The most significant fact associated with the search of the defendant's person was his apparent failure to limit or condition his consent. Additionally, the record does not reflect that the defendant withdrew his consent at any time during the search. Under similar circumstances, the Louisiana Supreme Court held that an argument of a search of a suitcase exceeding the scope of consent was meritless. State v. Watson, 416 So.2d 919 (La.1982). The court found that consent to search a suitcase impliedly grants the authorities permission to search bags and containers therein. While we recognize that a person may have a greater expectation of privacy toward his crotch than toward bags in a suitcase, we feel that, since defendant at no time objected to the search while it was taking place, his prior consent was still effective when his crotch was searched. There is also no evidence that defendant was either coerced or under duress, which would have vitiated his consent.
When the proper deference is afforded to the trial judge's determination at the suppression hearing, the record does not support this assignment of error. It is simply illogical to suggest that a defendant can extend his consent to a body search and subsequently claim that the search was too intrusive and beyond the scope of his consent when narcotics are discovered in an area on his body commonly used to hide such substances. See U.S. v. Rodney, 956 F.2d 295 (C.A.D.C.1992). Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant claims that the trial court erred in denying his motion to reopen the hearing on the motion to suppress. Specifically, he asserts the motion should have been granted because his constitutional right to testify at the suppression hearing was abridged by his counsel's independent decision to withhold his testimony. Defendant now claims that his testimony would have been pivotal since it would have shed light on the scope of his consent.
In State v. Landry, 339 So.2d 8, 9 (La. 1976), the Louisiana Supreme Court, in interpreting Code of Criminal Procedure Art. 703, stated:
"[t]he Louisiana Code of Criminal Procedure makes no provision for a motion for rehearing to a ruling on a motion to suppress. Instead, the code article [La. C.Cr.P. art. 703] contemplates that the pretrial motion will be heard expeditiously, with both the prosecution and defense presenting all their evidence."
This statement was later held to imply that, "a defendant may not seek a rehearing to introduce new evidence once a trial court *1222 denies his motion to suppress." State v. Thompson, 448 So.2d 666, 669 (La.1984), reversed on other grounds, 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984). Beginning with Thompson, the jurisprudence recognized narrow exceptions to the general rule. Such exceptions are limited to situations in which the trial judge believes his prior decision to be legally infirm. Although reconsideration should be granted sparingly, appellate courts have remanded cases for reopened suppression hearings for reargument of previously introduced evidence, to cure an erroneous ruling, and when the evidence introduced at the original hearing is found to be incomplete or ambivalent. State v. Thompson, supra; State v. Kennedy, 438 So.2d 210 (La.1983); State v. Fitch, 572 So.2d 677 (La.App. 1st Cir.1990).
Article I, § 16 of the Louisiana Constitution guarantees an accused's right to testify in his own behalf. Additionally, ABA Standards for Criminal Justice Rule 4-5.2 (1980) states the decision whether to testify in his own behalf is reserved exclusively for the accused. Defendant contends that his attorney's unilateral decision to withhold his testimony left the record incomplete. He points to his attorney's sworn affidavit in the record wherein she stated "... it was her decision and her decision alone not to have Steven K. Valrie testify" at the motion to suppress hearing.
The decision not to testify reserved to the defendant is a tactical decision made upon the belief that his testimony would either not help or possibly even harm his defense. There is no evidence in the record to suggest that at the time of the suppression hearing, the defendant desired to testify. In addition, the attorney's affidavit does not reflect that her decision was made over the private objection of defendant. There is also nothing to indicate that, at the hearing itself, defendant in any way expressed a desire to testify on his own behalf, or that he was precluded from doing so by the unilateral act of his attorney.
While realizing that the decision to withhold testimony is solely the defendant's, we conclude that the evidence is not sufficient to support a finding that defendant's constitutional rights were infringed upon. Clearly, this tactical maneuver made by the defendant on the advice of counsel did not give the desired result. Defendant cannot now complain based solely on his attorney's affidavit when there is no evidence in the record indicating he desired to testify in the first place. To remand this case for a reopened suppression hearing would result in the taking of new evidence and argument thereon, clearly not an exception to the general rule espoused in State v. Landry, supra. This assignment of error also lacks merit.
For the above and foregoing reasons, the conviction and sentence imposed are affirmed.
AFFIRMED.