620 So.2d 1205 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
James E. HUTCHINSON, Defendant-Appellant.
No. CR92-1374.
Court of Appeal of Louisiana, Third Circuit.
July 7, 1993.
Paul Peter Reggie, for State of La.
Leah White, for James E. Hutchinson.
*1206 Before DOUCET, YELVERTON and WOODARD, JJ.
WOODARD, Judge.
On January 9, 1992, a bill of indictment was filed, charging the defendant, James E. Hutchinson, and three others with possession of cocaine between twenty-eight and two hundred grams, in violation of La.R.S. 40:967 C, F. On February 10, 1992, the defendant pled not guilty and requested a trial by jury. Defendant filed a motion to suppress on April 30, 1992. The motion was denied on August 12, 1992. On September 28, 1992, the bill of indictment was amended to charge the defendant with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. The defendant withdrew his previous plea of not guilty and entered a plea of guilty to the amended charge, reserving his right to appeal the court's denial of the motion to suppress. The defendant was subsequently sentenced to serve ten (10) years at hard labor. This sentence was suspended and defendant was placed on five years supervised probation. The defendant's probation was subject to the conditions set forth in La.C.Cr.P. art. 895 and several special conditions including one (1) year in the parish jail. The defendant now appeals based on one assignment of error.

FACTS
On November 6, 1991, Trooper Tim LaFleur of the Louisiana State Police, Troop D, received a tip from a confidential informant that a shipment of crack cocaine would be arriving in Lake Charles from Houston, Texas, by way of Greyhound bus. The bus was scheduled to arrive at 8:30 p.m. in Lake Charles. Cpl. Gary Sonnier from the Lake Charles City Police assisted the State Police. Surveillance was set up at the bus terminal by the troopers and Cpl. Sonnier. At approximately 8:15 p.m., the officers observed the Greyhound Bus arrive from Houston. A male matching the description given by the informant was observed exiting the bus. He was later identified as Kevin Banks. He was accompanied by the defendant and two other males, Reginald Keys and Kendall Nicholls.
The four men entered a taxi cab at which time the officers followed them. The officers stopped the cab at the intersection of Shattuck Street and Church Street in Lake Charles. The officers asked the men to exit the vehicle at which time they were informed of the nature of the investigation. The officers informed the men that a pat down search for weapons would be conducted. The officers requested consent to search the luggage and were given consent by each of the four men to search their luggage. The officers recovered several large rocks of an off-white substance, thought to be crack cocaine, inside the luggage of Reginald Keys. At approximately 8:23 p.m., the men were advised of their Miranda rights and placed under arrest. The men were transported to the Lake Charles Police Department while further investigation was conducted.
At the Lake Charles Police Department, all four men were advised of their Miranda rights again. Kevin Banks, Reginald Keys and Kendall Nicholls refused to talk to the officers. The defendant agreed to speak and advised the officers that the crack cocaine belonged to Kevin Banks and all of the men knew about the presence of the narcotics.

LAW
The defendant contends the trial court erred in failing to grant his motion to suppress. He argues that the description given by the informant in this case was not sufficient to provide a legal basis for the investigatory stop. The defendant further argues that even if the anonymous tipster was in fact not anonymous, as later stated by the police officers, the state did not prove that this now known informant was reliable.
Specific facts are needed to form part of the premise of reasonable cause, and the defendant argues that no specific facts exist in this case because the physical description given by the confidential informant was of a black male in his early twenties with a medium build who would be arriving on a Greyhound bus on the evening of *1207 November 6, 1991. The defendant argues there was no description involving height, weight, clothing, name, luggage, facial hair, or amount of drugs.
The defendant's argument relies heavily on the factual determination of whether or not the informant was confidential or anonymous. The defendant properly cites State v. Lee, 485 So.2d 555 (La.App. 5 Cir.1986), in support of the proposition that the information received from an anonymous tipster must carry enough indicia of reliability, such as specificity of the information and corroboration by independent police work, to justify the stop. However, the testimony at the hearing on the motion to suppress clearly indicates the informant was improperly labeled an anonymous informant. In fact, his identity was known to the police although his name remained confidential.
Probable cause to search exists when the facts and circumstances are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Huffman, 419 So.2d 458 (La.1982). To determine whether the information furnished by a confidential informant provides probable cause for an arrest or search, a court must utilize a "totality of the circumstances analysis" and consider, among other things, the informant's veracity, facts relating to the informant's basis of knowledge and corroboration of the informant's information. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Raheem, 464 So.2d 293 (La.1985). While an informant's past record for accuracy and reliability is one factor to take into account in determining the reliability of the tip in question, this alone will not always support a finding of probable cause. Corroboration of details of an informant's tip by independent police investigation is valuable in applying a totality of the circumstances standard to these type cases. Gates, supra.
In State v. Shepherd, 470 So.2d 608 (La. App. 1 Cir.1985), an informant predicted the particular action the defendant would take in regard to her travel plans. All of these actions occurred and were corroborated, except for the ultimate fact of possession of the drugs and delivery of the drugs. The First Circuit, citing Gates, held that after considering the totality of the circumstances, there was probable cause to stop and arrest the defendant and search her vehicle. In so holding, the court reasoned that when the future actions of a suspect are accurately predicted by a confidential informant and corroborated by the police, there is a reasonable basis to believe the confidential informant's unverified allegation of drug possession is also true. The court further reasoned that the accurate prediction of the defendant's travel plans indicates a "fair probability" that the confidential informant's basis of knowledge was either the defendant herself or someone she trusted. Thus, the corroboration of the innocent behavior provides probable cause to believe the allegation of drug possession in the informant's tip is reliable. Finally, the court indicated the reliability of the confidential informant was strengthened by a three year period of reliable cooperation with the police.
The case sub judice is analogous to Shepherd, supra, in that the confidential informant predicted future acts of Kevin Banks, and those acts occurred and were corroborated by police surveillance. In this case, the confidential informant had been arrested for the illegal use of currency earlier on the same day of the instant offense. The confidential informant told the troopers that "... they were going to Texas to purchase narcotics, and that he was tired of doing this type of work and would like to help the police out ..." The informant told the troopers that a black male, early 20s, medium build would be coming into Lake Charles from Houston between 8:30 and 9:00 p.m. by Greyhound Bus. The confidential informant indicated that the man would be wearing a baseball cap and carrying some type of handbag, and would be bringing a fairly large amount of crack cocaine.
Troopers Travis Savoy and Tim Lafleur contacted Cpl. Gary Sonnier and Sgt. Candy Lewis of the Lake Charles City Police to determine the reliability of the informant. *1208 The troopers testified that Sgt. Lewis indicated to them that the informant was in fact reliable and had given information in the past which led to narcotics arrests. Pursuant to this information, the troopers contacted the Greyhound bus station and learned that two buses from Houston would be arriving that evening at about 8:00 p.m. and 11:00 p.m. Surveillance was set up at the bus station. Upon arrival of the first bus, four young males got off, with Kevin Banks being the only male meeting the description of a medium build given by the informant. Trooper Lafleur testified that all four of the males were carrying travel bags and possibly all four had caps on. The four men got into a cab and were subsequently stopped a short distance away by being "boxed-in" by police vehicles. Officer Sonnier indicated this method was used to keep them from running.
The police activated their strobe lights to effectuate the stop. All four persons were ordered out of the taxi, and all four persons were patted down immediately upon exiting the car. Officer Sonnier testified he knew Kevin Banks as having been involved in other crimes, but would have patted down all four individuals as a precautionary measure. All the officers were dressed in uniform. Trooper Savoy specifically stated that the four occupants of the car would not have been allowed to leave, and he was positioned behind the stopped car to ensure that no one would try to run. However, Cpl. Sonnier specifically indicated that the four individuals were free to leave. The bags of the individuals were then searched after each of them consented. Narcotics were found in a bag verbally acknowledged by Reginald Keys as being his bag. The suspects were then formally arrested and given their Miranda warnings.
After considering the totality of the circumstances in this case, there was probable cause to arrest and search the suspect, Kevin Banks, based on the informant's information. The informant predicted future acts of the suspect and those acts occurred and were corroborated by police surveillance. As indicated in Gates and Shepherd, when the future actions of a suspect are accurately predicted by a confidential informant and corroborated by the police, there is a reasonable basis to believe the confidential informant's unverified allegation of drug possession is also true. Although this probable cause to arrest did not extend to the defendant and the other two individuals traveling with Reginald Keys, there did exist reasonable suspicion for an investigatory stop based on the officers' observations.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1 as well as both state and federal jurisprudence. An officer may stop a person with less than probable cause for arrest if he has specific and articulable facts to suspect possible criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The validity of the investigatory stop depends on whether the officer has adequate articulable knowledge of particular facts to warrant infringement on the person's constitutional right to be left alone. State v. Shy, 373 So.2d 145 (La.1979). In the case of State v. Neyrey, 383 So.2d 1222 (La.1979) the Louisiana Supreme Court stated that the suspicion requirements of La.C.Cr.P. art. 215.1, Article I, Section 5 of the Louisiana Constitution and the Fourth Amendment of the U.S. Constitution are necessary only when the stop is forcible.
In denying the motion to suppress, the trial judge expressly stated there was reasonable suspicion. In so ruling the trial judge reasoned as follows:
THE COURT: All right. Well, what I see here is good police work, where we found some cocaine after getting a reasonable suspicion from an informant who proved to be reliable, after following up on the information. The question then is whether the defendants were under arrest, and if so, was the consent given by the defendants free and voluntary. I think it was. As to whether they were under arrest or not, I don't really think that's relevant, particularly here. The *1209 officers testified they were free to go. One officer testifies he wouldn't let them go. So, I'm not real sure. I think that probably they were not free to go. I think in this particular case if they would have attempted to leave, the officers may have attempted to do something other than what they did. But the consent to search was free and voluntary here.
There was no undue pressure or exertion of pressure put on the defendants to allow this search, at least from the evidence that's been presented today. And for that reason, the motion to suppress is denied.
This factual determination of the trial judge is entitled to great weight upon review. State v. Walker, 530 So.2d 1200 (La.App. 2 Cir.), writ denied, 532 So.2d 763 (La.1988).
Because the officers had reasonable suspicion to make the investigatory stop and because the crack cocaine was discovered pursuant to a consensual search, the trial court properly denied defendant's motion to suppress. This assignment of error is without merit. The denial of defendant's motion to suppress is affirmed.
AFFIRMED.