JiLINDSAY, Judge.
The defendant, Steve Jackson, was charged by bill of information with possession of cocaine. He entered a plea of not guilty and moved to suppress the evidence against him. The trial court denied the motion to suppress. The defendant then entered a plea of guilty, as charged, under the provisions of State v. Crosby, 338 So.2d 584 (La.1986), reserving the right to raise the denial of the motion to suppress on appeal. The defendant was sentenced to serve one year at hard labor, to be served consecutively with any other sentence. He now appeals, asserting that the trial court erred in denying his motion to suppress the evidence against him.

FACTS

On March 17, 1993, the Monroe Police Department received an anonymous tip that drugs were being sold in an area of town around Goldman Street. Officers from the “jump team,” a part of the Monroe Police Department specializing in responding to calls in high crime areas, were dispatched to investigate. According to Officer Steve Newcomb of the “jump team,” at approximately 5:00 p.m. on the day in question, he and his partner responded to the call and observed three men coming out of a vacant house on Goldman Street. Officer Newcomb knew that no one was authorized to be in the house. He also knew that this was a high crime area and that the Monroe Police Department had received frequent calls from this area regarding gun shots. He stated that he had made several arrests in the area of individuals carrying concealed weapons.
^Officer Newcomb said the three men he observed leaving the vacant house appeared to be nervous and in a hurry. Officer New-comb detained one of the men, later identified as the defendant, for questioning.
Due to the frequency of gunfire in the area, Officer Newcomb conducted a pat-down search of the defendant for weapons. He felt a match box in the defendant’s front, left pocket. Officer Newcomb, an experienced police officer, was aware that match boxes, carried in this fashion, frequently contain drugs. Officer Newcomb asked the defendant for permission to look inside the match box and the defendant consented. The match box contained six pieces of a substance later determined to be crack cocaine. The defendant told Officer Newcomb that he traded a radio for the drugs and had gone inside the vacant house to smoke the cocaine.
The defendant was arrested and charged with possession of cocaine. He filed a motion to suppress the evidence against him, arguing that law enforcement officials did not have sufficient reasonable suspicion to stop him for questioning or to conduct a pat-down search. Therefore he contended that the cocaine obtained from his person was the result of an illegal search and seizure and not admissible against him.
*1084 On May 10, 1993, a hearing was held on the motion to suppress. Officer Newcomb was the sole witness. He testified, as set forth above, concerning the investigatory stop, search and arrest. The trial court then denied the motion to suppress. The defendant applied to this court for supervisory writs. On August 19, 1993, this court denied the writ application, |3ruling that the defendant would have an adequate remedy on appeal in the event of conviction.
On October 27, 1993, the defendant entered a plea of guilty to possession of cocaine, reserving his right under State v. Crosby, supra, to raise on appeal the issue of denial of the motion to suppress. The parties set forth for the record that the defendant and the court agreed that if the defendant entered a plea of guilty as charged, he would be sentenced to serve one year at hard labor, to be served consecutively with any other sentence imposed upon him. It was also agreed that the defendant would not be charged with any other offenses arising out of the case. The court then imposed upon the defendant the agreed upon sentence.
The defendant appealed to this court, complaining that the trial court erred in denying his motion to suppress.

INVESTIGATORY STOP

The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Valrie, 597 So.2d 1218 (La.App. 3rd Cir.1992), writ denied, 605 So.2d 1113 (La.1992). However, LSA-C.Cr.P. Art. 215.1 provides in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense and may demand of him his name, address and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer Reasonably suspects the person possesses a dangerous weapon, he may search the person.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Under Terry v. Ohio, supra, and LSA-C.Cr.P. Art. 215.1, a police officer may forcibly stop an individual for investigatory purposes if he has a reasonable suspicion, based on objective facts, that the particular-individual has engaged in, is engaged in, or is about to be engaged in criminal activity. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Leary, 627 So.2d 777 (La.App. 2d Cir.1993); State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993); State v. Hutchinson, 620 So.2d 1205 (La.App. 3rd Cir.1993), writ denied 627 So.2d 661 (La.1993).
An inchoate or unparticularized hunch is insufficient to establish reasonable grounds to stop a person. State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993); State v. Parker, 622 So.2d 791 (La.App. 4th Cir.1993), writ denied 627 So.2d 660 (La.1993); State v. Leary, supra.
Reasonable cause or reasonable suspicion is something less than probable cause to arrest and must be determined under the facts of each case, considering whether the officer has sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from government interference. State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993); State v. Parker, supra; State v. Williams, 613 So.2d 259 (La.App. 1st Cir.1992); State v. Cabanas, 594 So.2d 404 (La. App. 1st Cir.1991), writ denied 598 So.2d 371 (La.1992); State v. Vance, 93-1389 (La.App. 4th Cir. Feb. 25, 1994), 633 So.2d 819. Whether an officer has a 15reasonable suspicion to make an investigatory stop should be judged under the totality of the circumstances, in light of the officer’s experience, training and common sense. The officer’s experience may be considered in determining whether his inferences from the facts at hand were reasonable. State v. Leary, supra; State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993).
*1085 Although flight, furtive gestures, nervousness or startled behavior at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of highly suspicious conduct may be a factor leading to a finding of reasonable cause. State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993); State v. Solomon, 93-119 (La.App. 3rd Cir. March 2, 1994); 634 So.2d 1330.
Presence in a high crime area, coupled with nervousness or flight or other suspicious actions upon approach of officers is sufficient to justify an investigatory stop. State v. Taylor, 363 So.2d 699 (La.1979); State v. Solomon, supra.
If a law enforcement officer stops a person pursuant to LSA-C.Cr.P. Art. 215.1, he may conduct a limited pat-down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. State v. Parker, supra; State v. Edwards, 630 So.2d 302 (La.App. 5th Cir.1993); State v. Jacobs, 626 So.2d 808 (La.App. 2d Cir.1993).
When reviewing a trial court’s ruling on a motion to suppress, based on findings of fact, great weight is placed upon its determination, because the trial court had the opportunity to observe the witnesses, and weigh the 16credibility of their testimony. State v. Aucoin, 613 So.2d 206 (La.App. 1st Cir.1992).

Discussion

Applying the facts of this case to the legal principles set forth above, we find that the defendant was detained in a valid investigatory stop. Further, the circumstances warranted the pat-down search for weapons. The defendant was observed in a high crime area, exiting a vacant house in a hurried and nervous manner. At this point, Officer Newcomb had not only reasonable suspicion but probable cause to believe that the defendant had committed a trespass. Therefore, the officer had valid reason to stop and question the defendant.
Due to the frequency of gunshots in the area, Officer Newcomb was reasonable in conducting a pat-down search of the defendant for weapons, in order to secure his safety. Based upon these factors, we find that the investigatory stop and pat-down search of the defendant was valid under the facts of this case.

CONSENT TO SEARCH

During the pat-down search for weapons conducted by Officer Newcomb, a match box was detected in the defendant’s left, front pants pocket. Officer Newcomb asked the defendant’s permission to look inside the box. The defendant agreed to allow the officer to examine the contents of the match box. Based upon the consensual search of the box, cocaine was discovered.
As discussed above, the United States and the Louisiana Constitutions prohibit unreasonable search and seizures. A search conducted without a warrant is per se unreasonable. However, there are some exceptions to the warrant requirement. State v. Barrett, 408 So.2d 903 (La.1981). One such exception to the warrant requirement is a search that is conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984); State v. Valrie, supra.
The validity of such consent is dependent upon it having been voluntarily given, free of duress or coercion, either express or implied. State v. Valrie, supra. The state bears the burden of proving that the defendant’s consent was freely and voluntarily given. State v. Valrie, supra; State v. David, 425 So.2d 1241 (La.1983).
The question of whether consent was, in fact, voluntary or was the product of duress or coercion is also to be determined by the totality of the circumstances. State v. White, 554 So.2d 796 (La.App. 5th Cir.1989), writ denied 558 So.2d 601 (La.1990).
Because the finding of consent to search is a factual determination, the trial judge’s ruling is entitled to great weight on appellate review. State v. Valrie, supra.
In this case, Officer Newcomb stated that the defendant consented to a search of the match box where the drugs were found. The defendant does not argue that his consent was not freely and voluntarily given. Therefore, we conclude that the search of the *1086 match box taken from the defendant under a valid pat-down search was conducted with the consent of the defendant. | gUnder these circumstances, we find that the trial court did not err in overruling the defendant’s motion to suppress.
In support of his claim that the motion to suppress should have been granted, the defendant cites several cases which he argues stand for the proposition that contraband, such as match boxes containing drugs, may not be seized from an individual pursuant to a pat-down search for weapons.
However, the cases cited by the defendant are distinguishable from the present case in that in those cases, there was a lack of consent to search the containers holding the contraband, Minnesota v. Dickerson, - U.S. -, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); State v. Parker, supra; State v. Aucoin, 613 So.2d 206 (La.App. 1st Cir.1992); State v. Williams, 613 So.2d 259 (La.App. 1st Cir.1992); there was not sufficient justification for an investigatory stop, State v. Tucker, 604 So.2d 600 (La.App. 2d Cir.1992); or there was no justification for a pat-down search. State v. Bourgeois, 609 So.2d 1003 (La.App. 5th Cir.1992); all factors found to be present in the instant case.
ERROR PATENT
A review of the record for errors patent is made automatically in all criminal cases. LSA-C.Cr.P. Art. 920.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.
When the defendant was sentenced, he was informed that he had three years from the date his conviction becomes final to seek review. The court | gthen added, “I see that you are already taking writs so that three year deal is not going to be relevant to you.”
LSA-C.Cr.P. Art. 930.8(C) directs the trial court to inform the defendant of the three year prescriptive period to submit an application for post conviction relief. In order to achieve full compliance with this provision, within ten days of the rendition of this opinion, the district court shall give the defendant written notice that he has three years from the date his judgment of conviction and sentence become final to submit an application for post conviction relief. See State v. Lankford, 626 So.2d 1217 (La.App. 2d Cir.1993). Proof of the defendant’s receipt of such notice shall be filed into the record of these proceedings.

CONCLUSION

For the reasons stated above, we find that the trial court correctly denied the defendant’s motion to suppress the evidence against him in this case. The cocaine taken from the defendant was obtained pursuant to a valid investigatory stop, a pat-down search for weapons and a consensual search of the match box containing the cocaine.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.