hPEATROSS, J.
On December 8, 1998, Defendant, Jacqueline Brown, pled guilty to the charge of possession of cocaine, a violation of La. R.S. 40:967(C). She was sentenced to three years at hard labor and ordered to pay a fine in the amount of $250 and costs. The sentence was suspended and Defendant was placed on supervised release for a period of three years. The plea was entered reserving Defendant’s rights pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant now appeals, urging one assignment of error, the denial of her motion to suppress. For the reasons stated herein, we find that the trial court properly denied Defendant’s motion to suppress; and, accordingly, her conviction and sentence are affirmed.

FACTS

According to Officer Lisa Norred Jaynes’ uncontradicted testimony at the motion to suppress hearing, at approximately 3:00 a.m. on April 29, 1997, Officer Jaynes was dispatched to Barnes Grocery in Jonesboro, Louisiana, to speak with Defendant, who had complained about a man threatening her' with a knife. When Officer Jaynes arrived, Defendant was speaking with Officer Brian Frost. Defendant indicated that her boyfriend had pulled a knife on her. While Defendant did not want to press any charges against her boyfriend, she did request assistance in retrieving her jacket from his house on Cedar Street. Officer Jaynes offered to take Defendant, by way of her patrol car, to the house on Cedar Street and assist Defendant in retrieving her jacket. Officer Jaynes, however, advised Defendant that she would have to pat down Defendant to insure the officer’s safety before allowing Defendant to enter the patrol car. Defendant agreed to the pat down stating that she didn’t have a problem with it. At no time did Defendant object or in any way indicate that she was reluctant to submit to the pat down.
1 ¡¡During the pat down, Officer Jaynes asked Defendant to take off her shoes. Defendant did not object, but before Defendant removed her left shoe, she informed Officer Jaynes that it contained a crack pipe. Officer Frost then advised Defendant of her Miranda rights. Officer Jaynes told Defendant to place the pipe on the hood of the patrol car, informed Defendant that she was under arrest and asked Defendant to remove her right shoe. Before removing her right shoe, Defendant stated that she had two crack pipes in her right shoe. Officer Jaynes confiscated the three crack pipes, a small stick and a nail with blackened ends (commonly known as “pushpins”). Later analysis of the confiscated items revealed the presence of cocaine.
On October 7, 1997, Defendant was charged by bill of information with possession of cocaine. She entered a plea of not guilty and moved to suppress the evidence seized pursuant to Officer Jaynes’ search. Defendant’s motion to suppress contended that the frisk went beyond a Terry frisk, *809 was without probable cause and without permission from Defendant. On November 4, 1997, a hearing on the motion to suppress was held, after which both Defendant and the State submitted briefs to the trial court. On November 14, 1997, judgment was entered denying the motion to suppress. On December 8, 1998, Defendant entered a guilty plea to possession of cocaine, reserved her rights pursuant to Crosby, supra, and moved for an appeal.

DISCUSSION

It is well settled that a warrant-less search conducted pursuant to a valid consent is permitted by the Louisiana and United States Constitutions. State v. Murphy, 465 So.2d 811 (La.App. 2d Cir.1985). Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Bodley, 394 So.2d 584 (La.1981); State v. Owens, 480 So.2d 826 (La.App. 2d Cir.1985), writ denied, 486 So.2d 748, cert. denied, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986). Oral consent to search is sufficient to constitute an exception to the warrant and probable cause requirements of the United States and Louisiana Constitutions. State v. Valrie, 597 So.2d 1218, cert. denied, 605 So.2d 1113 (La.1992), citing State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
Although a valid consent search is a recognized exception to the warrant requirement, the burden is on the State to prove that the consent was given freely and voluntarily. State v. Yarbrough, 418 So.2d 503 (La.1982). Voluntariness is a question of fact to be determined by the trial court under the facts and circumstances of each case. The trial court’s determination is to be given great weight upon appeal. State v. Edwards, 434 So.2d 395 (La.1983); State v. Bostic 26,000 (La.App.2d Cir.5/4/94), 637 So.2d 591; State v. Shrader, 593 So.2d 457 (La.App. 2d Cir.1992), cert. denied, 598 So.2d 353 (La.1992).
The only evidence adduced at the hearing on the motion to suppress was the uncontradicted testimony of Officer Jaynes concerning the events surrounding the search of Defendant. It is undisputed that Defendant agreed to the search, stating that she did not have a problem with it. In fact, Defendant admits that there was consent in this case, but argues that it was limited. This argument is without merit.
The record is completely devoid of any evidence that Defendant objected or in any way indicated that she was reluctant to allow Officer Jaynes to search her. In addition, we can find no evidence that Defendant attempted to limit her consent to Officer Jaynes’ search when asked to remove her shoes. To the contrary, when Officer Jaynes requested that Defendant step out of her shoes, Defendant volunteered that her left shoe contained a crack pipe. Likewise, before stepping out of her right shoe, Defendant voluntarily told Officer Jaynes that there were two crack pipes in her right shoe. Simply put, there is no evidence that Defendant | ¿limited or conditioned her consent and no evidence that she withdrew that consent at any point during the search. Defendant never indicated to Officer Jaynes that she was going beyond the scope of the search to which Defendant consented. The trial court concluded that Defendant voluntarily consented to the search of her person which resulted in the discovery of the drug paraphernalia. After a review of the circumstances surrounding the search, we cannot say that the trial court abused its discretion in ruling that Defendant freely and voluntarily consented to this search.
Defendant cites a number of cases contending that each supports her position that the request that Defendant remove her shoes exceeded the scope of a valid search. We do not, however, find support for Defendant’s position in those cases. In particular, we note that in State v. Valrie, supra, the trial court addressed a similar *810 situation involving consent to search the defendant’s person resulting in the police officer’s finding drugs in the defendant’s crotch area. The trial court found that the defendant’s consent to search his person included a search of his crotch area. Certainly, the search of Defendant’s shoes in this case is less invasive than the search in Valrie.
We agree with the trial court’s conclusion that Defendant consented to the search of her person, which included her shoes and, therefore, find that the motion to suppress was properly denied.

CONCLUSION

For the reasons stated herein, Defendant’s conviction and sentence are affirmed.
AFFIRMED.