# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1039

### STATE OF LOUISIANA

### VERSUS

### SIMCOE COLE A/K/A SIMCO W. COLE

\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 125742.1
## HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

Alan P. Haney
Assistant District Attorney, Fifteenth Judicial District
300 Rue Beauregard, Building C
P.O. Box 4308
Lafayette, LA 70502
(337) 291-7009
**ATTORNEY FOR APPELLEE**
   State of Louisiana

Edward J. Marquet
Louisiana Appellate Project
P.O. Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
**ATTORNEY FOR DEFENDANT/APPELLANT**
   Simcoe Cole a/k/a Simco W. Cole

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

While armed with a paring knife, Defendant, Simcoe Cole, robbed Darrell Fairburn, who was staying at the Red Roof Inn in Lafayette. Defendant's DNA was found on the knife left in Fairburn's room, and Fairburn positively identified Defendant as the perpetrator.

Defendant was charged by bill of information with one count of armed robbery, a violation of La.R.S. 14:64, and eighteen counts of forgery, violations of La.R.S. 14:72. Defendant entered a plea of not guilty on February 2, 2010. On October 18, 2011, the State moved to sever count one (armed robbery) for trial.[1] Trial subsequently commenced, and Defendant was found guilty of armed robbery. Defendant was sentenced to serve ten years at hard labor, without benefit of parole, probation, or suspension of sentence. A motion for appeal was filed and granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no errors that would support a reversal of Defendant's conviction and sentence in this matter. Defendant was advised that counsel filed an *Anders* brief, and he has failed to file a *pro se* brief in this matter.[2] For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

---

[1] All eighteen counts of forgery were subsequently dismissed.

[2] This court received correspondence from Defendant on November 20, 2012. Therein, Defendant points out what he alleges are "untrue and half-true" statements made by appellate counsel regarding Defendant's trial testimony and his remarks at sentencing. Defendant also asserts appellate counsel has not devoted himself to the appeal and asks this court to "look into this matter for constitutional violations of [his] rights."

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating he made a conscientious and thorough review of the record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 422, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the

evidence presented to the jury for its consideration." *Id.* Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, the Defendant's appellate counsel filed a brief asserting there were no trial court rulings to be challenged. He claims trial counsel made no evidentiary objections regarding the introduction of documentary and physical evidence, no objection or challenge to the DNA matched to Defendant, and no challenge to the reliability or suggestiveness of the photographic line-up.

Appellate counsel asserts Defendant admitted the knife found at the scene belonged to him. Appellate counsel also asserts Defendant admitted he was familiar with the hotel where the robbery occurred and could have been there on the date of the offense. Appellate counsel further asserts Defendant admitted, during sentencing, that he was the person who committed the offense.

After examining the record, we find appellate counsel's assertions are correct. However, trial counsel objected during jury selection to the dismissal of prospective juror Paul Simon, who was excused by the trial court, without reasons, after he stated: "I don't feel like I'm obligated to convict anyone." Trial counsel also objected to the manner in which backstrikes were used. These objections were made after the jury was sworn. Thus, any error regarding these issues was not preserved for review on appeal, as the objections thereto were untimely made. *See State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832; *State v. Morris*, 429 So.2d 111 (La.1983); *State v. Bazile*, 386 So.2d 349 (La.1980).

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements made by appellate counsel. Defendant was properly charged in the bill of information, he was present and represented by counsel at all crucial stages of the proceedings, and the jury composition and verdict were correct.[3] Additionally, Defendant received a legal sentence.

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

### DECREE

For the foregoing reasons, appellate counsel's motion to withdraw is granted. Defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

---

[3] There is no verdict form in the record and *Benjamin*, 573 So.2d 528, merely calls for review of the verdict for correctness. At the conclusion of the trial in the case at bar, the jury returned the verdict in open court, and the verdict was read into the record and the clerk noted the verdict form was signed by the foreperson and dated. Additionally, the jury was polled, and the verdict was unanimous. Furthermore, there were no objections to the verdict.

In *State v. Johnson*, 04-178 (La.App. 4 Cir. 12/8/04), 892 So.2d 28, *writ denied*, 05-87 (La. 4/22/05), 899 So.2d 556, *cert. denied*, 546 U.S. 892, 126 S.Ct. 211 (2005), the fourth circuit found the absence of the verdict sheets from the record was not prejudicial to the defendant's appellate rights when the jury returned the verdicts in open court, the trial court reviewed the verdict forms, the forms were dated and signed by the foreperson, and the defendant did not request polling or make an objection that would indicate the verdicts were not responsive or differed from what was read into the record by the trial court.