Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,659-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ISAIAH M. CHILDS                            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 355,654

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Annette Fuller Roach

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

BRITTANY B. ARVIE
SENAE D. HALL
ALEX L. PORUBSKY
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**STONE, J.**

This criminal appeal arises from the First Judicial District Court, the Honorable Ramona Emanuel presiding. The appellant-defendant, Isaiah Childs (the "defendant"), was convicted by a unanimous jury of the responsive offense of first degree robbery. The trial judge sentenced the defendant to 35 years at hard labor without benefits. The defendant now appeals, assigning as error the trial court's incorrect application of La. C. Cr. P. art. 795 during jury selection and its denial of his motion for mistrial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying details of this case are not pertinent to this decision, and thus we will review and recapitulate only the facts that are necessary. The defendant was arrested in 2018 for armed robbery and attempted second degree murder. On March 12, 2018, the State filed a bill of information charging the defendant with the aforementioned crimes. The bill was later (September 23, 2018) amended to remove the attempted second degree murder charge. On October 8, 2019, a *non-unanimous* jury found the defendant guilty of armed robbery, and the defendant was sentenced to 75 years at hard labor without benefits. On November 6, 2019, defense counsel filed a motion for appeal and designation of record. The trial court granted the motion for appeal on March 19, 2020. Pursuant to the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. --, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), this Court reversed the defendant's armed robbery conviction on appeal, and the matter was remanded for a new trial. *State v. Childs*, 53,833 (La. App. 2 Cir. 5/17/21), 317 So. 3d 917.

On February 13, 2023, the defendant's second trial began. Fourteen prospective jurors were called for the first venire panel. In the first panel were prospective jurors Cynthia Ford ("Ford") and Seantearia Swan ("Swan"), who are the subjects of the backstrikes pertinent to the instant appeal, sitting in seats two and five of the jury box, respectively. At no point during the *voir dire* process did the trial court announce on the record which jurors were peremptorily struck or by which party. Neither Ford nor Swan was struck by the end of the first day of jury selection.

On February 14, 2023, the second 14-person venire panel convened. Like the preceding day, the trial court did not formally place on the record the names of all the jurors who were peremptorily struck from the second panel. The minute clerk then read out the names of 10 prospective jurors taken from venire panels one and two who were instructed to report to the courthouse the next morning. Prospective jurors Ford and Swan were among those instructed to return the following day. A third venire panel was convened, and again, the parties were given time to make peremptory strikes, and the names of those struck peremptorily were not formally placed on the record. Toward the end of the proceedings, a State prosecutor asked for the State's peremptory sheet, wrote down Ford and Swan as their two backstrikes, and gave the sheet back to the minute clerk. The minute clerk struck Ford and Swan from the panel, but again, it was not announced on the record.

On February 15, 2023, the trial court notified the parties that the jurors being called to the jury box were "to be seated and sworn, so they will be in the right order and things." The minute clerk called 12 jurors and 2 alternate jurors, omitting prospective jurors Ford and Swan. The jurors were then

formally sworn in. Following the swearing-in of the jury, defense counsel raised an issue with the jury's composition.

Specifically, defense counsel stated that they expected prospective jurors Ford and Swan to be on the jury and were unaware of the backstrikes against them until the names of the jurors on the final panel were called. Defense counsel then raised a *Batson* objection, and in response, the State asserted race-neutral reasons. An oral motion for mistrial was made, which the trial court subsequently denied.

Counsel for the defendant filed a writ application with this court on February 16, 2023. On that same day, this court denied the application, finding that, on the showing made, exercise of the court's supervisory jurisdiction was not warranted. On February 17, 2023, the trial resumed, and the defendant was convicted by a unanimous jury of the responsive offense of first degree robbery. On May 9, 2023, the trial judge sentenced the defendant to 35 years at hard labor without benefits. On May 11, 2023, defense counsel filed a motion to reconsider sentence, and it was denied by the trial court that same day. This appeal followed.

## DISCUSSION

In their sole assignment of error, appellate counsel argues that the trial court erred in denying the defendant's motion for mistrial. Specifically, counsel argues that the trial court failed to announce and notify the defendant's trial counsel of the State's backstrikes of prospective jurors Swan and Ford. Appellate counsel also points out that this error denied trial counsel the opportunity to raise a *Batson* objection and to object to the composition of the jury before the jury panel was sworn in. Appellate counsel concedes that trial counsel did not object in a timely fashion, but it

3

was simply because they were never informed or notified of the State's backstrikes. Additionally, appellate counsel asserts that both the minutes and transcript confirm that there was no sidebar with counsel regarding the State's peremptory challenges of Ford and Swan. Counsel further argues that the trial court's failure to conduct the sidebar conference and announce the challenges was legal error and violates La. C. Cr. P. art. 795. Thus, this legal error resulted in "a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law." La. C. Cr. P. art. 775(3). For these reasons, appellate counsel asks that the defendant's conviction and sentence for first degree robbery be vacated and set aside and a new trial ordered.

The State argues that trial counsel's lack of contemporaneous objection waives any legal errors that the trial court may have committed by not placing the names of all jurors peremptorily struck on the record. As a result, the State asserts that the defendant is procedurally barred from raising this issue now on appeal. Additionally, the State also argues that even if the trial counsel's *Batson* objection was timely, the State would have prevailed, and Ford and Swan would have still been struck from the final jury panel. The State argues that it provided the trial court with race-neutral reasons for striking Ford and Swan.[1] Thus, the defendant was not prejudiced by the trial court's denial of his motion for mistrial. Moreover, the State maintains that it communicated to defense counsel at trial that they might exercise their right to backstrike certain jurors. Lastly, the State argues that any error by

---

[1] Ford's brother went through the criminal justice system and so did Swan. Additionally, defense counsel conceded that both Swan and Ford showed bias toward the defense.

4

the trial court in not announcing the peremptory strikes on the record is harmless when assessing the totality of the circumstances leading to the defendant's conviction and does not warrant a mistrial.

A mistrial may be ordered, and in a jury case the jury dismissed, when there is a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law. La. C. Cr. P. art. 775(3). As to whether the trial court erred in failing to order a mistrial under this article, we note that a mistrial is a drastic remedy and is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. *State v. Robinson*, 342 So. 2d 183 (La. 1977), *citing State v. Redfud*, 325 So. 2d 595 (La. 1976). The determination as to whether or not a mistrial should be granted under La. C. Cr. P. art. 775 is within the sound discretion of the trial court, and a denial of a motion for mistrial will not be disturbed on appeal absent an abuse of discretion. *State v. Young*, 569 So. 2d 570 (La. App. 1 Cir. 1990), *writ denied*, 575 So. 2d 386 (La. 1991).

Review of criminal trial errors on appeal has long been governed by the contemporaneous objection rule found in La. C. Cr. P. art. 841. *State v. Cummings*, 46,038 (La. App. 2 Cir. 1/26/11), 57 So. 3d 499, *writ denied*, 11-0341 (La. 6/17/11), 63 So. 3d 1037; *State v. Thomas*, 27,507 (La. App. 2 Cir. 12/6/95), 665 So. 2d 629, *writ denied*, 96-0119 (La. 4/8/96), 671 So. 2d 333. La. C. Cr. P. art. 841 states that "[a]n irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence." The contemporaneous objection rule serves two related purposes. The first purpose is to put the trial court on notice of any alleged irregularity so that it may immediately cure the problem. The second

purpose is to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by timely objection and request for an admonition or mistrial. Requiring a contemporaneous motion for a mistrial prevents defense counsel from sitting on an error and gambling unsuccessfully on the verdict. *State v. Henry*, 19-65 (La. App. 3 Cir. 12/18/19), 287 So. 3d 847.

In *State v. Bazile*, 386 So. 2d 349 (La. 1980), the Louisiana Supreme Court held that "a purported error in the selection of the jury cannot be availed of on appeal unless a contemporaneous objection is lodged pursuant to La. C. Cr. P. art. 841." In this case, the defendant's objection regarding the composition of the jury came *after* the jury had been empaneled. We also note that prospective jurors Ford and Swan would have been among the earlier jurors seated on the panel, and their absence would have been evident early on. Thus, defense counsel had ample time to object to their absence *prior* to the empaneling of the jury, which would have given the trial court an opportunity to correct the error, if any.

Furthermore, defense counsel argues that the trial court erred when it denied their motion for mistrial based on their inability to raise a *Batson* objection to the challenges before the jury panel was sworn in. We disagree. A *Batson* objection is timely if it is made before the jury is empaneled and sworn. *State v. Duncan*, 99-2615 (La. 10/16/01), 802 So. 2d 533. We find that defense counsel had an opportunity to object to the composition of the jury and raise a *Batson* challenge but failed to do it timely; thus, they waived the right to raise the issue on appeal. We find that the trial court's denial of

the motion for mistrial based on the improper exclusion of prospective jurors Ford and Swan was not in error. Therefore, this assignment of error lacks merit.

## CONCLUSION

For the reasons stated above, the defendant's conviction and sentence is **AFFIRMED**.